## Adams *against* Williams.

2 WS 227
219    285

2ws    227
224    422

A covenant by a vendee to pay, and of the vendor to convey *upon* the payment of the purchase-money, are dependent covenants; and an action of covenant to compel the payment of the purchase money cannot be maintained by the vendor without proof of a tender of a conveyance before suit brought.

ERROR to the District Court of *Crawford* county.

Daniel Williams, for the use of John Reynolds, against John Adams and Dyer Woodworth. This was an action of covenant upon an article of agreement for the sale of a tract of 400 acres of land by the plaintiff to the defendant for the consideration of $812.50, payable in six annual instalments; and the agreement concluded thus:

" Now these articles of agreement witness: that the said party of the first part, for and in consideration of the premises, and of the further sum of one dollar, lawful money of the United States, well and truly to the said party of the first part, by the said party of the second part in hand paid, at and immediately before the sealing and delivery of the presents, the receipt whereof is hereby acknowledged, doth covenant, promise, grant and agree, to and with the said party of the second part, his heirs and assigns, that upon his or their well and sufficiently paying the said sum and sums of money, in manner aforesaid, that the said party of the first part shall and will well and sufficiently grant, convey, and assure the said piece of land, with all and singular the appurtenances to the said party of the second part, his heirs and assigns. And the said party of the second part doth hereby covenant, promise, grant, and agree, to and with the said party of the first part, their heirs, executors, administrators, and assigns, that they, their heirs, executors, or administrators, shall and will well and truly pay or cause to be paid unto the said party of the first part, their heirs, executors, administrators, and assigns, the said sum and sums of money as aforesaid, with interest thereon as aforesaid, on the days and times therein before appointed for the payment thereof, and that they will also make and continue the residence and improvements herein before stipulated. And for the performance of the above agreement, and of each and every part and provision thereof, the said parties bind themselves each to the other in the penalty of $1600. In witness whereof, the parties to these presents have hereunto set their hands and affixed their seals, the day and year first above written."

[Adams v. Williams.]

There was no proof of a tender of a conveyance by the plaintiff to the defendants before suit brought; and the only question was, whether that was essential to the plaintiff's right to recover.

The court below was of opinion that the covenants were independent, and directed a verdict for the plaintiff.

*Riddle,* for plaintiff in error. This is a case of mutual and dependent covenants, in which it is essential to the plaintiff's right to recover that he should have proved a previous tender of a conveyance. And upon a recovery before execution, he must file the deed for the benefit of the defendant. 2 *Watts* 478; 1 *Watts* 236; 4 *Watts* 465; 5 *Watts* 167; 9 *Watts* 311; 8 *Serg. & Rawle* 268; *Chit. Con.* 570; *Chit. Pl.* 354; 6 *Watts* 162.

*Derrickson,* for the defendant in error, on the same point, cited 20 *Johns.* 14; 5 *Cow.* 509; 10 *Serg. & Rawle* 387; 5 *Watts* 420.

The opinion of the Court was delivered by

ROGERS, J.—In *Robb* v. *Montgomery,* (20 *Johns.* 20), the word *when,* and in *Champion* v. *White,* (5 *Cow.* 509), *on* were held dependent covenants. There is no substantial difference between these words and the word *upon.* In a contract where money is payable in instalments, and it is agreed that a deed shall be given, *when, on,* or *upon* payment of the whole amount of the purchase money, it is the fair import of the terms, that the delivery of the deed is precedent to the payment of the money. The ancient cases went on subtle grounds, but it is now settled that whether covenants be dependent or independent, is a question of intention. On the whole case, we are of opinion that the covenants are dependent, and consequently that a deed should have been tendered before the commencement of the suit.

Judgment reversed.