Daniel J.,
after stating the case, proceeded:
Was the demurrer properly sustained? This depends on the question whether, by the terms of the agreement, the plaintiff was bound to make or tender a deed for the property as a prerequisite to his right to demand the last payment of the purchase money. If he was, the rule is well settled that he was bound to aver explicitly in the declaration, either that he-had executed or had tendered the deed; and the averment that he was ready and willing to execute and deliver it, is not sufficient.
There is perhaps no branch of the law in which is to be found a larger number of decisions or a greater *157 apparent conflict of authorities than that in which the effort has been made to define the dependence and independence of covenants, and to designate the class to which any given case in dispute is to be referred. The great effort, however, in the more recent decisions, has been to discard, as far as possible, all rules of construction founded on nice and artificial reasoning, and to make the meaning and intention of the parties, collected from all the parts of the instrument rather than from a few technical expressions, the guide in determining the character and force of their respective undertakings.
Still, some general rules must necessarily be adopted as aids in arriving at this meaning and intention; and when by a train of precedents certain expressions have received a well known construction, parties may be fairly supposed to have used them in the sense thus given to them, unless a contrary purpose is plainly indicated by other parts of the instrument.
I think that the court below has most probably effectuated the true meaning of the parties, by the construction it has given to their agreement, and that in doing so it has not been found necessary to run counter to any well established precedent.
The cases cited by the appellant, which seem at first view most strongly to favor a contrary construction, are those of Pordage v. Cole, 1 Saund. R. 319, and Northrup v. Northrup, 6 Cow. R. 296. In the former case, it is to be observed, however, that whilst a day certain was by the agreement of the parties appointed for the payment of the purchase money, no day was fixed for the conveyance of the lands; and it cannot therefore be justly regarded as establishing anything further than that, where the vendee expressly covenants to pay the purchase money on a given day, no time being fixed for the conveyance, he ought to be held as relying on his remedy and not as intending *158 to make the conveyance a condition precedent to the payment of the purchase money.
The second case does, on a cursory examination, seem to be more in point. In that case the defendant covenanted to pay certain rent due and in arrear to one D. Tomlinson, on a certain farm, and all which should become due on the 25th March 1825; the whole to be paid on that day; and the plaintiff covenanted, that on the defendant's so paying the rent, he, the plaintiff, would give up and discharge a certain bond and mortgage. To an action brought for not paying the rent at the day, the defendant pleaded that the plaintiff did not, on the 25th March 1825, give up and discharge the bond and mortgage, nor tender, nor offer to do so on that day, or before or since. There was a general demurrer to the plea and joinder. Savage, C. J., in delivering the opinion of the court, said: “ The plea is bad. The payment of the money to Tomlinson on the day specified is clearly a condition precedent. The performance by the plaintiff of his part of the agreement is not necessarily simultaneous, but was naturally to be subsequent. A general averment of his readiness to perform is all that can be necessary or proper. To aver a tender was certainly not necessary.” In the case of Slocum v. Despard, 8 Wend. R. 615, this case (Northrup v. Northrup) came under review, and was made the precedent for ruling that; and the grounds upon which it was decided were there more fully considered and explained. In the case of Slocum v. Despard, the defendant covenanted, by the first Monday of May 1828, to pay two certain notes made by the plaintiffs to H. Baldwin, bearing date 18th July 1S27; the one payable in three and the other in six months after date; and also to pay other sums to the plaintiff at certain specified times. And the plaintiffs, upon the payment of the said two notes, (due by the plaintiffs to Baldwin) agreed to assign to *159 the defendant two certificates of the surveyor general for two certain lots specified in the agreement. In their declaration on the agreement, the plaintiffs, among other things, averred that though they had always been ready and willing to perform on their part, the defendants did not at the time specified, or at any other time, pay the notes payable to Baldwin. One of the questions to be decided was, whether the covenant of the defendant in respect to the payment of the two notes to Baldwin, and that of the plaintiffs in respect to the assignment of the certificates, were dependent or independent covenants; and consequently, whether the plaintiffs were bound to aver performance or an offer to perform before they could recover from the defendants. Sutherland, Judge, delivering the opinion of the court, said, that if the payment of the notes and the assignment of the certificates were to take place at the same time, the covenants were dependent, and neither party could recover without averring performance on his part. He cited the case of Northrup v. Northrup, however, to show that the covenants were independent. After stating that case, and reciting the opinion of the chief justice, he proceeded to say, that the conclusion of the chief justice that the performance by the plaintiff of his part of the agreement was naturally to be subsequent to the performance of the defendant, must have rested principally upon the circumstance, that the payment to be made by the defendant was to be made to a third person, and not to the plaintiff himself, and that he was of course bound to produce evidence of it, which presupposed the act to have been done before the plaintiff was bound to perform.
He then proceeded to state that the same circumstance existed in the case under decision, but admitted that independently of that circumstance, neither case *160 could be distinguished from many others in which the covenants had been held to be dependent.
The same views governed the decision of the court in the case of Johnson v. Wygant, 11 Wend. R. 48. In that case the defendant covenanted for the purchase of a tract of land at 155 dollars, in three equal annual installments, with interest annually on the whole sum till paid; and the covenant proceeds, “and upon the payment thereof I am to receive from the said Johnson a good warrantee deed of said land.” The same judge (Sutherland) again delivered the opinion of the court, citing the cases of Green v. Reynolds, 2 Johns. R. 207; Jones v. Gardner, 10 Johns. R. 266 ; Gazley v. Price, 16 Johns. R. 267; and Parker v. Parmele, 20 Johns. R. 130. He said it was well settled by these and other cases, that such covenants were dependent, and that neither party could recover against the other without averring a tender of performance on his part; that a mere readiness to perform was not sufficient; that if the vendor sues he must aver the tender of such a deed as by the terms of the contract he was to give; and if the action is brought by the vendee against the vendor for not conveying, he must aver a tender of the consideration money before suit brought; and he again repeated, that the feature by which each of the cases of Northrup v. Northrup and Slocum v. Despard was to be distinguished was, that in each the money was to be paid to a third person and not to the vendor; and that the vendee was of course bound to produce evidence of the payment having been made before the vendor was bound to convey. That circumstance he said was held in those cases as indicating the understanding of the parties that the payment was to be first made, and constituted the only ground for the decision then made that a general averment of readiness to perform by the vendor was sufficient to maintain his action.
*161 The same doctrine was maintained by the Supreme court of Pennsylvania in the case of Adams v. Williams, decided in 1841. 2 Watts & Serg. 227. That was an action of covenant upon an article of agreement for the sale of a tract of land for the consideration of 812 dollars 50 cents, payable in six annual installments; and the agreement concluded, “ the said party of the first part (the plaintiff) doth covenant, &c. with the said party of the second part, that upon his paying the said sum and sums of money in manner aforesaid, the said party of the first part will grant, convey,” &c. In a very brief opinion, Rogers, J. said: “In a contract where money is payable in installments, and it is agreed that a deed shall be given when, on or upon payment of the whole amount of the purchase money, it is the fair import of the terms that the delivery of the deed is precedent to the payment of the money. The ancient cases went on subtle grounds, but it is now settled that whether covenants be dependent or independent is a question of intention.” The court were unanimous in the opinion that the covenants were dependent, and in overruling the judgment of the court below, which had decided that proof of a tender of a conveyance by the plaintiff to the defendant before suit brought was not essential to the plaintiff’s right to recover.
A like construction was given to similar covenants in the case of Peques v. Mosby, 7 Smeades & Marsh. 340, decided by the High court of errors of Mississippi in 1846. In that case the defendant had purchased a tract of land to be paid for in installments, for which he had executed his notes, and the plaintiff had given a title bond, the condition of which was as follows: “ How if I shall make or cause to be made to the said Mosby a good and lawful deed of conveyance to the said half section of land, when the last note becomes due and is paid, then this obligation to be null and void.” Jus *162 tice Clayton, delivering the opinion of the court, said, that courts will construe covenants to be dependent, unless a contrary intention clearly appears, and that the defendant could not be forced to pay out his money without getting that for which he stipulated. The same principles prevailed in the case of Robertson v. Robertson, 3 Rand. 68, decided by this court. In that case the suit was brought by the vendee of a tract of land against the vendor for a breach of covenant in failing to convey. By the terms of the covenant, the vendee was to tender four bonds on the 25th December 1800, with good security, each for 450 pounds, payable in one, two, three and four years respectively, and the vendor was to deliver possession also on the 25th December 1800, and was to make a full and complete legal title “ whenever the said J. A. Robertson (the vendee) tenders the said four bonds with sufficient security,” &c. The declaration averred that the plaintiff tendered the bonds on the fourth day of March 1801. The declaration was held by the court to be defective. Judge Green said, “ It does not allege a performance by the plaintiff at the appointed time, or that the defendant had consented to postpone the performance to a later day.” But the remarks immediately preceding are more particularly applicable to the question before us, to wit: “ The covenants being to be performed on both sides at the same time, were -therefore dependent on each other, and neither party could insist upon the others performing his part of the covenants, unless he himself performed or offered to perform his covenants at the appointed time.
The case of Bailey v. Clay, 4 Rand. 346, cited by the counsel of the plaintiff in error, it seems to me, has no application. In that case, whilst a day was appointed by the terms of the contract for the payment of the purchase money, no day was appointed for the conveyance of the land, and the court, I think, properly *163 held that in order to recover the purchase money there was no necessity on the part of the plaintiff to allege or prove a conveyance or tender. Judge Green, who delivered the opinion, said that whilst a general undertaking to pay money without specifying the time of payment, obliges the party to pay immediately, an undertaking to do any collateral act, as to convey lands, entitles the party to perform it at any time during his life, unless hastened by the request of the other party. Nor is there anything in the case of Lewis v. Weldon, 3 Rand. 71, as I conceive, at all in conflict with the decisions which I have cited. In that case, which was the sale of a crop of wheat, the whole of which was by the terms of the contract to be delivered at a day which was some months before the day fixed for the payment of the price, the court held that though the covenants were dependent, and though the plaintiff had failed to deliver the whole of his crop as stipulated, still he might maintain his action for so much as he had delivered. That in dependent covenants, when the plaintiff has performed a part for which he can have no other remedy than by an action on the covenant, an action may be maintained in the same manner as if the covenants were independent. Judge Coalter, who delivered the opinion of the court, expressly disclaimed any^ purpose to question at all the correctness of the decision in Glazebrook v. Woodrow, 8 T. R. 366, in which it was decided that though the plaintiff had -partly performed his covenants by delivering the possession of the house sold, he could not recover without alleging and proving that he had conveyed it or tendered to convey it, the day fixed for the payment of the money and the conveyance being the same. He said that it was properly held in that case that the plaintiff could not recover without averring a performance in respect to the conveyance, that being the great consideration, without which, the defendant was not to be forced to part with his money.
*164 It is true, that in the case of Terry v. Duntze, 2 H. Bl. 389, it was asserted as a rule in the construction - of covenants, that if any money is to be paid before the thing is done, the covenants are mutual and independent. This rule was made the foundation of the decision by the Supreme court of Kentucky in the case of Mason v. Chambers, 4 Litt. R. 253, in which the court held, in an action on a covenant for the sale of land, to be paid for by two installments, one of which was to fall due at a day prior to the day appointed for the conveyance, and the second on the last named day, that the covenants were independent; and that it was not necessary to aver a tender of the conveyance in order to recover the last installment. It was there said that the defendant, by consenting to part with a portion of the purchase money before he was to receive a conveyance, thereby evinced the intention to leave in favor of the other side, a condition precedent, and to abandon.the benefits of a covenant requiring simultaneous acts. It must also be conceded, that in the case of Gardener v. Corson, 15 Mass. R. 500, the Supreme court of Massachusetts do seem in terms to admit that the rule, as laid down in Terry v. Duntze, was a convenient and proper one to be followed in the construction of covenants exactly similar to those to which it was applied in that case: Yet they at the same time exhibited a strong disposition, I think, to narrow the application of the rule, and were astute in the reasoning by which they withdrew the case before them from without its operation. In that case Corson, who was at the time in the possession of a tract of land, contracted for its purchase at the price of 920 dollars, to be paid in four years; and also agreed to pay the interest annually. And the vendor on his part, covenanted to execute a deed, “upon Corson’s paying the above mentioned sums at the time or times above named.” The broad terms of the rule, an *165 nounced in Terry v. Duntze, would seem to cover such a case, and to make the covenants independent, inasmuch as there was a clear stipulation on the part of the vendee to pay a portion of the consideration, to wit, the annual interest for the first three years, at dates antecedent to that fixed for the conveyance. Yet the court, whilst they in terms recognized the rule as before stated, construed the covenants for the payment of the 920 dollars, with the last year’s interest, and the covenant for the execution of the conveyance to be dependent. They held the annual interest which Corson was to pay, to be by way of rent. They said that, as he was in possession of the land, he was in the enjoyment of the consideration for which this interest or rent was to be paid, and that by paying it he did not part with any substantial part of the price to be paid for the land.
' To the list of cases sustaining the construction given by the Circuit court to the covenants in the agreement under consideration may be added that of Bean v. Atwater, 4 Conn. R. 3. In that case the contract was for the sale of a tract of land to be paid for in several installments, the first and second of which were to be paid at dates prior to the 17th June 1817, the third on that day, when the deed was also to be made, and the balance at certain days thereafter. A majority of the court held that no action could be maintained for the third installment without averring the execution or tender of the deed. The propriety of the rule propounded in the case of Terry v. Duntze was examined, and shown to rest on no well established precedent. It was, I think, conclusively shown that the cases relied on as establishing it furnished no sanction for the rule; that those cases merely decided that when the entire consideration was payable at a time prefixed, which must or might precede the consideration on the other side, there might be a recovery without per- *166 formance; and the judges delivering the opinion of the majority of the court proceeded to demonstrate, that when only a portion of the money was to be paid, before the conveyance of the land, and the balance at the same time or afterwards, there is no exhibition of an intent that the whole consideration might be demanded, before performance or tender on the other side, but of the contrary.
Upon the whole, whilst it cannot be denied that there is some conflict of precedents on the question, I am satisfied that the weight of authority and reason is on the side of the judgment rendered by the Circuit court; and I am for affirming it.
The other judges concurred in the opinion of Daniel, J.
Judgment affirmed.