# Irvin *versus* Bleakley.

1. Irvin contracted to buy land from Bleakley, paid half the purchase-money down and was to pay the remainder in 60 days when the deed was to be delivered. The money was not paid or demanded at the end of 60 days nor deed tendered. After that the time for performance became indefinite, but mutual and dependent whenever it should occur.

2. Whichever party first desired to enforce performance was bound to regard his part of his contract as a condition precedent and perform or tender performance.

[Irvin v. Bleakley.]

3. Where the vendor proceeds on his legal title a tender is not necessary; but the conveyance will be provided for by a conditional verdict.

4. A party in default has no right to insist upon rescission.

5. A vendee cannot insist upon a rescission on the ground of encumbrances, when he owes unpaid purchase-money sufficient to discharge them.

. 6. A vendor is not bound to remove encumbrances unless upon demand of the vendee for performance, and at the same time showing a readiness to perform his part.

November 11th and 12th 1870.     Before THOMPSON, C. J., AGNEW, READ, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county:* No. 208, to October and November Term 1869.

This was an action of assumpsit, brought May 20th 1868, by Samuel P. Irvin against James Bleakley.

The plaintiff declared: 1. That on the 4th of February 1865, he, with one J. W. Murphy, purchased from the defendant several pieces of land in Venango county, one containing 20 acres, adjoining out-lots of the borough of Franklin, one out-lot containing about 2 acres, another out-lot containing about 3 acres, out of which the defendant reserved seventy-five feet fronting on a public street to the back of the lot; one containing one and a half acres, one containing about 3 acres, and one containing about two acres, for the consideration of $40,000, of which the plaintiff had paid $20,000, and agreed to pay the remainder and accept a conveyance within sixty days from the date of the agreement, the defendant undertaking to make and tender a deed at that time, clear of all encumbrances, but the defendant had neglected to do so and the plaintiff had been injured and put to great expense—in the whole $25,000.

2. The defendant, in consideration of $20,000 paid by the plaintiff, promised to convey to him a good title to about 34 acres of land in Venango county, within sixty days from the 4th of February 1865, and refused at that time to convey, and relinquished the contract, to plaintiff's damage $25,000.

The plaintiff declared also in the common counts:—

A contract was made between the parties, as set out in the declaration, and the plaintiff paid $20,000 on account of the purchase-money. He never paid or tendered the balance, nor did the defendant tender a deed. The defendant continued in possession of the premises. The plaintiff alleged that, the defendant having failed to make a deed according to the contract, having continued in possession, and having done other acts to the radical detriment of the property whilst in possession, he, the plaintiff, had the right to rescind and recover the purchase-money which he had paid.

The case was tried June 9th 1869, before Kirkpatrick, J.

The plaintiff gave in evidence the agreement and his payment of $20,000. He also gave evidence that a water-pipe by author-

[Irvin *v.* Bleakley.]

ity of the Jamestown and Franklin Railroad company, in 1867 was laid across part of the land contracted to be sold, the defendant on application had refused to give the railroad company permission to lay the pipe, also that there was a large oil-tank erected by defendant on part of the property sold, also that a slaughter-house was erected by permission of the defendant on one of the lots sold ; that there was an engine erected by defendant on one of the lots sold for the purpose of pumping oil into boats, requiring a frontage of one of the lots on the river of 60 or 80 feet. He gave evidence, that the defendant gave one McDowell privilege to quarry stone on the land included in the contract, that the defendant wanted to make it profitable to get the stone out there, and told McDowell to get stone out there when he wanted them, he would not charge him, defendant only wanted a good quarry.

There was in evidence a judgment entered in Venango county December 3d 1863, in favor of Venango County against Henry Dubbs, James Bleakley and others, in the sum of $30,000, conditioned for the faithful execution by Dubbs of his office as county treasurer, with a release of judgment January 18th 1865, by S. P. Calmont, attorney for the commissioners, and an entry March 29th 1866, signed by two of the commissioners, that the judgment was discharged, the condition having been complied with.

Plaintiff gave in evidence two judgments entered in the Common Pleas of Venango county against the defendant and others, one November 28th 1867 for $1030.43, the other May 6th 1868 for $6320. There were a number of offers of evidence which were rejected by the court, but which it is not necessary to state specifically.

The plaintiff having closed, the court, on motion of the defendant, directed a non-suit to be entered, which the court in banc refused to take off.

This was assigned for error, on the removal of the case to the Supreme Court by the plaintiff.

*A. Blakely*, and *S. A. Purviance*, for plaintiff in error.— The defendant by his conduct could not have a decree for specific performance, and the plaintiff therefore may disaffirm the contract and recover the purchase-money paid : Cooper *v.* Brown, 2 McLean 495 ; Bank of Columbia *v.* Hagner, 1 Peters 455. An encumbrance is an objection to the title : Garnet *v.* Macon, 2 Brockenbrough 186. If the vendor does not complete the contract, the vendee may disaffirm and recover back the purchase-money : Feay *v.* De Camp, 15 S. & R. 230 ; Wilkinson *v.* Ferree, 12 Harris 192. The vendor must discharge encumbrances : Nicol *v.* Carr, 11 Casey 383 ; Erwin *v.* Myers, 10 Wright 106. The question whether the defendant had abandoned the contract should have been submitted to the jury, there being facts from which it might be inferred : Youst *v.* Martin, 3 S. & R. 429.

[Irvin v. Bleakley.]

*J. H. Kerr*, and *E. S. Golden*, for defendant in error.—The rescission must be perfect before suit: Peirsol *v.* Chapin, 8 Wright 12. The undertakings are dependent: Bank of Columbia *v.* Hagner, *supra*; Keeler *v.* Schmertz, 10 Wright 135. Performance may be waived by mutual acquiescence, and neither gains an advantage: Shaw *v.* The Turnpike, 3 Penna. R. 445; Youst *v.* Martin, 3 S. & R. 423; Power *v.* North, 15 Id. 12. When a party intends to rescind he must do so promptly on the breach: Lawrence *v.* Dale, 3 Johns. Ch. 22; Fry on Specific Performance, sect. 703; Ayers *v* Mitchell, 3 S. & M. 683; McKay *v.* Carrington, 1 McLean 50.

" Whichever party has the right to rescind, must do it within the time specified, if there be such time, otherwise within a reasonable time:" 2 Parsons on Contracts 677. Where there has been indulgence on both sides, one party cannot suddenly rescind without notice to the other: Forsyth *v.* N. A. Oil Co., 3 P. F. Smith 173; 3 Leading Cases in Equity 87; Wiswall *v.* McGowan, Hoffman's Ch. 125–129; Dalzell *v.* Crawford, 1 Parsons's Rep. 56; Tiernan *v.* Rowland, 3 Harris 429.

A written contract for sale of land should not be abandoned by parol: Fuller *v.* Hubbard, 6 Cowen 1; Fry on Specific Perf., sects. 698, 699; 2 Parsons on Contr. 675, 679; Price *v.* Asherton, 1 Y. & C. 82.

The delay is a question of time, merely, and this is never *per se* material, unaccompanied with change of circumstances or other facts rendering justice impossible: Pratt *v.* Law, 9 Cranch 456; Brashier *v.* Gratz, 6 Wheaton 528; Tiernan *v.* Rowland, Dalzell *v.* Crawford, *supra*; Smith *v.* Patton, 1 S. & R. 84; Baum *v.* Dubois, 7 Wright 260.

When an encumbrance is removed before decree in a bill for rescission, filed by the vendee, the court refuses to rescind: Davidson *v.* Moss, 5 How. (Miss.) 673; Note to Adams' Eq. 403; Innis *v.* Campbell, 1 Rawle 373; Townsend *v.* Champernown, 1 Y. & J. 449; Hampton *v.* Speckenagle, 9 S. & R. 212.

When it is apparent that plaintiff could not pay the purchase-money, no tender is necessary: Cooper *v.* Brown, 2 McLean 500; Hampton *v.* Speckenagle, 9 S. & R. 212; Hebpauch *v.* Auld, 5 Cranch 252; Cooper *v.* Brown, 2 McLean 455.

The opinion of the court was delivered, February 9th 1871 by Thompson, C. J.—If essential elements, indispensible to a plaintiff's right of recovery appear to be wanting in his case, when he has given his evidence, the court commits no error in granting a nonsuit, either on motion, or of its own accord. That is what was done in this case, and this, and the refusal to take it off, constitute the supposed error of the case. We have very carefully examined the testimony given by the plaintiffs below, and have not been able to discover the error complained of. The

plaintiffs were bound by their articles of agreement with the defendant below, to pay the balance of the purchase-money for the property, which is the subject of this dispute, " in sixty days from the date of the articles (the 4th of February 1865), with interest on the whole amount from the 29th December 1864, or as soon thereafter as the deed and title-papers shall be perfected and tendered." No money was paid or demanded at the end of the sixty days, nor was a deed tendered by the vendor. That period having passed, the time for performance by the parties became indefinite, but mutual and dependent whenever it should occur. In this category, whichever of the parties first desired to enforce performance was bound to regard his part of the contract as a condition precedent, and perform or offer performance in order to enable him to proceed to enforce the contract: 1 Wright 135 ; 2 W. & S. 227 ; 1 Casey 354 ; 4 Id. 294 ; 3 W. & S. 300 ; 4 Id. 527.

The exception to this rule, if exception it be, is where the vendor proceeds on his legal title ; there a tender is not necessary. But a conveyance will be provided for in the conditional verdict, if plaintiff recovers. The vendee must tender the unpaid purchase-money, as a general thing, whether he wishes to rescind or enforce the agreement. This results from the principle that a party himself in default, has no right to insist on rescission while in default: 2 Pars. on Con. 5th ed. 679. In the case in hand, the balance of the purchase-money, $20,000, was never paid or tendered by the plaintiffs at all, nor a deed demanded from the defendant, or notice of a determination to rescind the contract given for over three years after performance was by the articles of agreement to have taken place. In this condition of things and without reference to performance on their part, the plaintiffs brought this suit to rescind the contract, and recover back the purchase-money paid in hand, viz. $20,000.

The claim to rescind seems to be rested on acts of the defendant which the plaintiffs insist do, *per se*, amount to rescission. When the defendant sold, he retained possession of the premises, with the assent of the vendees, as we may infer from the fact that they made no demand of it at any time. Indeed, the law is, where the contract is silent on the subject of possession, the vendor retains it, until he has received his purchase-money: Smith *v.* Patten, 1 S. & R. 84 ; Baum *v.* Dubois, 7 Wright 260. It is alleged that the acts of the defendant while thus in possession, so changed the property that it justified them in claiming a rescission of the contract. This is an idle claim, in view of the evidence given. The acts neither changed nor deteriorated the property in the least ; besides, the plaintiffs made no objection to any of the uses now complained of. One was that defendant allowed a person to erect a rude slaughter-house on one of the lots ; another was, in permitting a person to open a stone quarry upon another portion of the property, and haul away a few loads of stone from it, to

[Irvin v. Bleakley.]

compensate for opening; a third was, laying an oil pipe through one of the lots to an oil tank which defendant had erected on a piece of ground he had reserved in the sale; and a fourth, that the Jamestown and Franklin Railroad Company laid a water-pipe across a portion of one of the out lots embraced by the purchase. The company took the possession of this ground for this purpose under their charter, the defendant refusing to grant it, on the ground that he had already sold the property. None of these matters in the least changed the property from any intended use by the plaintiffs, and if any in the least deteriorated, that could have been compensated in damages. All were temporary uses. There is less than nothing in these things as grounds of rescission. It is not as if the ground sold had been a small lot or piece of ground, in which case some of these things might have been a more serious encroachment; but the purchase was of a number of acres, but how much I cannot state with precision. There is nothing in all this for which the learned court should be reversed.

We need say little of the alleged encumbrances. The first one, a judgment of the county of Venango against Bleakley, and others, was entered on the bail bond of the treasurer of Venango county for $30,000. It was a cautionary judgment. It was both entered and released before the plaintiffs purchased, as to the defendant's property. The release was by the attorney of the commissioners, and as they never objected, so far as the testimony goes, it must be presumed to have been authorized by them. The commissioners themselves discharged the judgment against all parties two years before suit was brought by the plaintiffs. There were two other judgments against the defendant and others, amounting to some six or seven thousand dollars, which the purchase-money in the hands of the plaintiffs would nearly three times over have satisfied. This was therefore no ground for a rescission; they had the means in their own hands to pay the judgments if the defendant did not satisfy them. He was not bound, however, to remove them unless he was put upon doing so by the demand of the plaintiffs of performance, and at the same time showing a readiness and willingness on their part to comply with their covenants. This they did not do. Why should the defendant have removed these liens in consideration of the plaintiffs, without knowing whether they were going to complete the contract on their part? While they did nothing towards that end, their existence did not hurt them: Hampton v. Speckenagle, 9 S. & R. 212.

The exceptions to the admission and rejection of evidence are insufficiently presented according to our rules of court on the subject of assignments of error, and we are not therefore bound to discuss them. We have, however, considered them so far as to see that there is nothing to disturb the decision of the court in the case, and therefore the judgment is            Affirmed.