Romm *v.* Lobosco et ux., Appellant.

Argued December 14, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*David S. Malis,* for appellant—Where time is of the essence, the time for performance is not extended unless by mutual agreement or waived by acts of the parties: Shilanski v. Farrel, 57 Pa. Superior Ct. 137; Durham v. Wick, 210 Pa. 128; Sanders v. Brock, 230 Pa. 609; McHenry v. Mitchell, 219 Pa. 297; Lichetti v. Conway, 44 Pa. Superior Ct. 71. A tender of performance is not a condition precedent to a recission of the contract by the party not in default: Eberz v. Heisler, 12 Pa. Superior Ct. 388; Hopkins v. Phillips, 76 Pa. Superior Ct. 273; Benner v. Berman & Trattner, 82 Pa. Superior Ct. 312.

*C. W. Van Artsdalen,* for appellee, cited: Dluge v. Whiteson, 292 Pa. 334; Irvin v. Bleakly, 67 Pa. 24.

Opinion by Trexler, J., March 1, 1929:

On the 5th of November, 1925, Irving H. Romm, agent, entered into an agreement with the defendants, William A. Lobosco and his wife, in which he agreed to sell to them certain properties on Jessup Street on the following terms: The purchasers agreed to pay $26,000; $1,000 on the signing of this agreement to be forfeited as liquidated damages in case of default by said party of the second part in the performance of the terms in the agreement, the balance, $3,500, by purchase of premises 3661 N. 21st Street and the balance in cash at the time of settlement. Among other

provisions is the following, "The title is to be such as will be insured by any reputable title insurance and trust company in Philadelphia, same to be selected by party of first part. And the said parties hereby bind themselves, their heirs, executors, administrators and assigns for the faithful performance of the above agreement within forty-five days from the date hereof, said time to be the essence of this agreement, unless extended by mutual consent in writing endorsed hereon."

A judgment note was given for the $1,000 and upon petition by the defendants, the judgment was opened and an issue was framed as to whether consideration for the judgment had failed or not. The jury found in favor of the defendant, but the court, on motion for judgment n. o. v., decided that the plaintiff was entitled to recover for reasons which will appear later.

It will be noticed that the agreement was dated the 5th day of November, 1925, and that forty-five days from the date thereof would be the 20th of December. Neither party did anything in the matter until the 24th, when a Mr. Hessin, the agent for Mr. Romm, wrote to Mr. Lobosco that a settlement certificate covering the property on North 21st Street was enclosed and settlement was to take place the following week at the Commonwealth Building. Apparently no attention was paid to this, for on January 2, 1926, a letter was again addressed to Mr. Lobosco by Mr. Romm in which it was said that settlement for all the terms involved in the contract of sale was to take place at the Commonwealth Title Insurance & Trust Company on January 5, 1926, at 2 P. M.

The attitude of Mr. Lobosco, one of the defendants, was, after receiving these letters from Hessin and Romm, that it was best for him, as he said, to sit tight and do nothing. His defense is that the time having elapsed provided in the agreement, the agreement was abrogated and neither party could be held

to it. The contract provided that time was to be the essence of the agreement, unless extended by mutual consent in writing and endorsed thereon, and forty-five days having expired without any action on either side, the whole matter was ended and each party was put in the same position they were in before the agreement was made. This argument is plausible, but is not in accordance with the authorities. When the time fixed by the contract for its performance had passed and nothing had been done by either party, both parties were presumed by reason of their inactivity to have waived the strict performance of the contract.

A party in default cannot declare a forfeiture. The period of time having elapsed, the time for performance by the parties became indefinite, but mutual and dependent whenever it should occur. "In this category, whichever of the parties first desired to enforce performance was bound to regard his part of the contract as a condition precedent, and perform or offer performance in order to enable him to proceed to enforce the contract": Irving v. Bleakley, 67 Pa. 24, 28.

The appellant puts special emphasis upon the fact that the plaintiff was to designate the company which was to insure the title. This objection seems to be trivial, certainly the defendants, when the time came to insure the title, could obtain the information from the plaintiff. It was as much their task to ascertain what title company he had selected as for him to select it and inform them and as the lower court very properly said, the choice of the title company had no more to do with the time of settlement than with any other clause of the contract, nor did it relieve the defendant of the duty to perform when the title company was designated by the plaintiff and the latter offered to perform his part of the contract. If the defendant had wished to take advantage of the time

clause, he should have acted at the time when the limit was expiring. By not doing so, he was as much at fault as the plaintiff. He could have offered the plaintiff the balance due on the purchase price, tendered the deed of the North 21st Street property and called upon the plaintiff to carry out his part of the bargain. By his inaction, he waived strict performance of the contract. In support of this position, in addition to the case of Irvin v. Bleakley, supra, we refer to Kuhn v. Skelley, 25 Pa. Superior Ct. 185; Water Co. v. Ephrata Borough, 20 Pa. Superior Ct. 149, 155; Sanders v. Brock, 230 Pa. 609.

The court was right in entering judgment for the plaintiff upon the face of the note. The judgment is affirmed.