## Staats v. Hartman.

*Thomas R. Haviland*, for plaintiff; *I. N. Earl Wynn*, for defendant.

HAUSE, P. J., December 8, 1930.—On April 29, 1930, the plaintiff and defendant entered into a written contract by which the defendant agreed to convey to the plaintiff, within thirty days from that date, a piece of real estate for a consideration of $7000. By the terms of the agreement, time was made of the essence of the contract. The contract also provided that the premises were to be conveyed "free of all incumbrances and easements." Possession was to be given on or before June 1, 1930.

The purchaser was required to pay, and did pay, at the time of the execution of the contract, $700, being ten per cent. of the purchase money, by a note payable thirty days after date. This note was paid prior to the time fixed for the completion of the contract.

The defendant did not deliver to the plaintiff, within the time specified in the contract, a deed for the premises, clear of encumbrances, whereupon the plaintiff vendee brought this action to recover the $700 on the theory that the defendant had breached the contract.

The only question of fact which we submitted to the jury was whether or not the parties had mutually agreed to extend the time for the completion of the contract in view of the fact that it was discovered that there was an unsatisfied mortgage for $1000 remaining of record against the premises to be conveyed.

The question of fact thus submitted was found in favor of the plaintiff— that is, that there had not been a mutual agreement extending the time for the completion of the contract in order that the mortgage referred to might be satisfied of record—there being no dispute about the fact that the mortgage had long since been paid.

In the light of the testimony submitted, the defendant now moves for a new trial on the ground that the verdict was against the weight of the evidence,

and also moves for judgment notwithstanding the verdict on the ground that there are no facts in dispute and that the undisputed facts point clearly to a mutual agreement, or, at least, an acquiescence on the part of the plaintiff vendee to postpone the final settlement until the mortgage referred to could be satisfied.

A careful examination of the testimony justifies, we believe, this statement of undisputed facts:

After the contract had been executed, the vendee went to the Paoli Bank and Trust Company for the purpose of having the title insured. The contract contained a clause by which the vendor agreed to convey a title such as a reputable title company would insure. The title officer of the company discovered the unsatisfied mortgage and reported it to the vendee plaintiff. Both parties agreed to meet for final settlement on May 31, 1930, at the office of the trust company. On that date the defendant vendor was ill and was unable to be present, but was represented by her duly authorized agent, Harry F. Taylor.

The fact of the existence of the unsatisfied mortgage was then discussed, and Mr. Taylor suggested that he would at once ascertain the whereabouts of the holder of this unsatisfied mortgage, a man named Kennedy, and have the mortgage satisfied, and suggested that the matter be postponed until the mortgage could be satisfied. To this suggestion the plaintiff vendee made no objection. She not only made no objection, but with full knowledge of the fact that it was not possible on that date—May 31, 1930—to complete the contract of sale, she nevertheless executed and delivered to the title officer of the trust company her check for the entire balance of the unpaid purchase money. A deed had been executed and acknowledged by the defendant vendor, and this, together with the check, was left with the title officer of the trust company to await the satisfaction of record of the old mortgage.

If the mortgage referred to had not, as a matter of fact, been paid, the amount of money still due from the plaintiff vendee under the contract was amply sufficient to pay and discharge the mortgage.

After the execution of the check for the balance of the purchase money and its delivery of the deed to the officer of the trust company, the parties separated. The vendor defendant had vacated the premises on the day prior to the meeting at the trust company already referred to.

On June 2nd, the plaintiff vendee notified the vendor by letter that she would not carry out the contract and demanded the return of the $700 which she had already paid to the vendor.

Following the writing of this letter, she not only did not treat the contract as terminated and of no further validity, but she brought it to the recorder's office of this county and placed it on record.

We think there is involved here only a legal question, and that is whether or not under the undisputed facts the plaintiff vendee waived a strict compliance, so far as time is concerned, with the terms of the contract. Some four weeks after the meeting on May 31st, the mortgage was satisfied of record.

From a legal point of view, when the facts are undisputed, the question of waiver, which is ordinarily one for the jury, becomes a matter of legal inference. Waiver rests fundamentally on the doctrine of estoppel, and when the facts are ascertained, as we think they are in this case, the question of the application of the doctrine is for the court: Pittsburg Construction Co. *v.* West Side Belt R. R. Co., 227 Pa. 90.

We fail to see how there can be any question but that, in the light of the undisputed facts as to the conduct of the plaintiff vendee at the meeting of

May 31st, she waived a strict compliance with the contract. Her conduct amounted to a waiver on her part and afforded the defendant vendor an opportunity to procure the satisfaction of the mortgage referred to. When the proposition for the postponement of the date for the final completion of the contract was made on May 31st, it was the duty of the plaintiff vendee to have declined such postponement. When the suggestion was made, she not only made no reply declining to extend the time, but she actually, after the suggestion was made and when she knew that the vendor could not on that day convey to her the kind of title she was entitled to receive, executed her check for the remainder of the purchase money and left it with the officer of the trust company, and later she treated the contract as valid and subsisting by placing it upon the record in the recorder's office of this county.

We fail to see any distinction in principle between this case and the case of Romm v. Lobosco, 95 Pa. Superior Ct. 373. In view of the undisputed facts and of the principles of law applicable, we are of opinion that the plaintiff vendee is not entitled to recover, and the rule for judgment notwithstanding the verdict is made absolute and judgment is directed to be entered in favor of the defendant.

From Truman D. Wade, West Chester, Pa.