## Callaghan *versus* McCredy *et al.*

*Internal revenue stamps on deed.— Who liable for.*

Where in a contract for the sale of land it was provided that "the vendee should cause the title to be examined, and upon receiving a deed, properly executed" by the parties of the first part, "should pay the purchase-money," &c., it was *held*, that the vendor was liable to pay for the stamp required by the Act of Congress of 1862.

Error to the District Court of *Philadelphia*.

This was an amicable action between Dolores McCredy, executrix, and Samuel H. Carpenter and Augustus Wilson, executors of Thomas McCredy, plaintiffs, and George Callaghan and Robert Callaghan, in which the following case was stated for the opinion of the court:—

"On the 21st day of February 1863, the plaintiffs below entered into a contract to sell to the defendant certain real estate in Norristown, Montgomery county. The property was to be sold at public sale, and the defendants agreed to pay for the property $85,000; but as there were other persons who bid upon the property the defendants were compelled to pay $95,400. By that contract the plaintiffs covenanted to give to the defendants a good and sufficient deed in fee simple on the payment of the money into court. The defendants had the deed drawn and tendered for execution, and paid the money into court. When the plaintiffs executed the deed, they found the stamps would cost $180. They bought the stamps, and put them on the deed, and desired the defendants to pay for them. The defendants refused to do so, and this action brought to recover the price of the stamps. Can the plaintiffs recover?"

[Callaghan *v.* McCredy *et al.*]

The stamps were paid under protest, and an agreement that a case should be stated for the opinion of the court below.

The court below (SHARSWOOD, J.) delivered the following opinion :—

"The question presented now is, whether the vendor or vendee, under a contract 'to execute a good and sufficient deed in fee simple,' is bound to pay for the stamps? The case states that 'it has for many years been the custom in this city that purchasers of real estate furnish the deed.' The contract here is not that the vendor shall prepare, but execute the deed. If it had been the former, it would have overridden the custom. But as it does not, we see no reason to refuse full weight to such a usage. It is a reasonable custom. It saves all dispute as to the style, manner, and verbiage of the deed, whether it shall be written, or printed on parchment or paper, whether the searches shall be more or less minute. Eventually we know that all taxes and expenses attending the transfer of property fall on the seller. The purchaser, if he calculates closely, includes the expenses of obtaining the title, in his estimate of the price which he will give for the property. Judgment for plaintiffs, $180."

Which was the error assigned.

*A. V. Parsons*, for plaintiffs in error.

*J. B. Chapron* and *C. Guillou*, for defendants.

The opinion of the court was delivered, January 25th 1865, by
WOODWARD, C. J.—The only question upon this record is, whether vendor or vendee of land, by articles of agreement, is to pay for the stamp which the Act of Congress of 1862 requires to be affixed to the title deed? The agreement between the parties was made the 21st February 1863, and had it prescribed which of them should pay for the stamp, it would, of course, have been the law as to them, but it only provided that the vendees should cause the title to be examined, "and upon receiving a deed *properly executed by the parties of the first part*," should pay the purchase-money, &c. If, as the learned judge below held, this was not an agreement that the vendor should pay for the stamp, it is apparent that the parties did not treat about the matter, and we must look for the rule of duty outside of the agreement.

In the case stated, it is admitted that a custom or usage has long prevailed in Philadelphia, that vendees pay all the expenses of searches and conveyances, but this does not touch the matter of stamps; and if it did, it is obvious that time enough has not elapsed since the Stamp Act, for a custom that would rule the

[Callaghan *v.* McCredy *et al.*]

question, to take root. We may throw out of the case, therefore, as utterly unimportant, the fact that, in Philadelphia vendees have generally paid for the stamp of deeds since the Act of Congress took effect. The defendants would not be bound by a usage no older than that.

The only source, then, from which the duty can be deduced, is the Act of Congress itself, and from that it seems quite clear that it is the duty of the vendor to add the stamp to his deed, and of course to buy and pay for it, if the vendees have not expressly agreed to do it for him.

Section 64, besides enumerating by reference to schedule B, the several "instruments, matters, and things" (including title-deeds), to be taxed, expressly imposes the tax upon the "*person or persons, or party, who shall make, sign, or issue the same.*"

Section 95 imposes a penalty of $50 upon the person or persons who make, sign, or issue, or cause to be made, signed, or issued, any instrument, document, or paper, subject to the tax, without being duly stamped, with an adhesive stamp, to denote the duty imposed; and, moreover, such instrument "*shall be deemed invalid and of no effect.*"

Section 99 requires the person using or affixing such adhesive stamp, to cancel it, by writing thereupon the initials of his name, and the date upon which the same shall be attached and used.

These sections manifestly contemplate the affixing and cancelling the stamp by the party who makes and signs the instrument. And how can he affix or cancel it except he buy it? How else can he escape the penalty? How else make a deed that shall not be "invalid and of no effect"? It is shown us that the revenue officers at Washington construe the act as imposing this duty on vendors, and we cannot see that the terms of the enactment will bear any other construction.

If, then, the case is to be decided by the Act of Congress, and we know of no other rule of judgment, it is plain that the plaintiffs, having furnished and affixed the stamp to their deed, had no right to charge the defendants with the price of it. The stamp was essential to qualify the plaintiffs to perform what they had undertaken, essential to give effect and validity to the deed they had agreed to make. When they bound themselves to convey a valid title to the premises, they undertook for everything that was indispensable to that end, except, indeed, the cost of conveyancing, which, by virtue of the usage referred to, the vendees were bound to pay. But the conveyancer has no duty in respect of the stamp. He makes the searches and engrosses the deed, and for this service the vendees pay, unless otherwise expressly agreed; but he neither makes, signs, or issues the instrument, within the meaning of the Act of Congress. That which gives the instrument life and effect is the act of the grantor, in exe-

12 Wr.—30

[Callaghan *v.* McCredy *et al.*]

cuting and acknowledging it according to the law of the land, and in that it enjoins *him* to affix and cancel the stamp, the law of the land binds him to pay for it.

The judgment is reversed, and judgment is entered here for defendant, for costs.