## William Eberz v. Mary E. Heisler, Appellant.

*Vendor and vendee—Rescission of contract—Tender when necessary.*

When the vendor is in default through failure to convey, a tender by the vendee, in rescinding the contract, is unnecessary. It is only when there is nothing further to be done by the party to whom the money is payable that an actual tender is necessary; when the duty of mutual performance still remains, a readiness to pay on performance by the other party is sufficient.

*Breach of contract to convey—Measure of damages.*

On default by the vendor, without fraud, the vendee may recover for expenses necessarily or properly incurred on the faith of the contract, with the consideration paid. When the default involves fraud the measure of damages becomes enlarged; when no part of the consideration has been paid, and no expenses incurred, it is nominal.

Argued Oct. 5, 1899. Appeal, No. 97, Oct. T., 1899, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1898, No. 449, in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and BEEBER, JJ. Affirmed. Opinion by SMITH, J.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that this action was assumpsit brought to recover the sum of $100, being the amount paid on account of the purchase of a house, and also the sum of $40.75 paid for drawing deeds, searches, etc., for said house.

Other essential facts appear from the opinion of the court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense for the full amount claimed, $148.49. Defendant appealed.

388, (1900).]       Assignment of Errors—Arguments.

*Error assigned* was making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. Hibbs Buckman,* with him *William Hopple, Jr.,* for appellant.—The universal custom in Pennsylvania is, that where land is sold, a time, or a limit of time, is set for settlement. The vendee, at his own expense, examines the title, satisfies himself as to it, prepares the deed, and delivers it to vendor for execution and delivery upon the day set for settlement. The parties meet, vendor delivers the deed upon receipt of purchase money, and if there be incumbrances, satisfies them in the presence of the vendee.

The statement of plaintiff's claim admits that the time for settlement was waived and passed by without the money being paid or demanded, or deed tendered: Forsyth v. Oil Co., 53 Pa. 168; Irvin v. Bleakley, 67 Pa. 24.

A vendor is not bound to remove incumbrances unless upon a demand of the vendee for performance, and at the same time showing a readiness to perform his part: Stephens's Appeal, 87 Pa. 207; Hatton v. Johnson, 83 Pa. 219; Tiernan v. Roeland, 15 Pa. 429; Adams v. Williams, 2 W. & S. 227; Henry v. Raiman, 25 Pa. 354. The defendant, therefore, was not bound to remove the incumbrances, unless he was put upon doing so by the demand of the plaintiff of performance, and at the same showing a readiness and willingness on his part to comply with his covenants. Why should the defendant have removed these liens without knowing whether they were going to complete their contract or not? Boyd v. McCullough, 137 Pa. 7. See Brown v. Barbey, 27 W. N. C. 559, and Holt's Appeal, 98 Pa. 257.

The vendees must in such cases give the vendors full notice of their intention, and cannot rescind until after the expiration of a reasonable time for performance: Hathaway & Armstrong v. Hodge, 1 Cent. Rep. 339.

Where one party to a contract rescinds he can only recover back what has been paid upon it. To allow the claim for examination of title, etc., would be allowing damages recoverable only in case of a breach and not in the case of a rescinded contract on the ground of inability to perform by the opposite party, all of which is expressly denied.

_J. Peter Klinges_, for appellee.—Notwithstanding appellant's statements to the contrary, made in general language, it is clear that she was not at any time in a position to make a good and marketable title for the premises, clear of incumbrances, to the appellee. Hence appellee had a right to rescind the contract and recover back the amount paid thereon and his expenses necessarily incurred.

The plaintiff had the power to rescind the contract and recover back his deposit: Hollenbach v. Moore, 32 Leg. Int. 209; Bell v. Kennedy, 100 Pa. 215.

Candor, as well as the law, requires her to be more explicit in this important averment. She should say what arrangement, if any, she made about these judgments, with whom and when. To illustrate: a mere averment in an affidavit of defense that the defendant "paid the debt" is not sufficient; it must be stated how, when, and to whom. The same criticism applies to the averment, often repeated throughout this affidavit, that appellant was "ready, willing and able" (with other words of similar import) to convey a good and marketable title to the premises. Nothing definite is stated to indicate that she did the first step towards this end.

While it is true that the purchaser may and should pay the incumbrances out of the purchase money, if it be sufficient, he is not bound to pay one penny if it appears that the incumbrances exceed the purchase money: Bonner v. Herrick, 99 Pa. 220; Garrett v. Crosson, 32 Pa. 373.

Appellant further alleges that the appellee did not tender her a deed. Why should he do so? It was not necessary. His action was in disaffirmance of the contract: Bell v. Kennedy, 100 Pa. 215.

OPINION BY SMITH, J., January 17, 1900:

The declaration sets forth a written contract, made March 15, 1898, whereby the defendant, in consideration of $4,600, of which $100 was then paid, sold and agreed to convey to the plaintiff certain land, "clear of incumbrances, title to be good and marketable, possession to be given at final settlement, about April first next;" that "defendant made default in the performance of her said contract, and could not or would not convey a good and marketable title to the said premises, clear of incum-

brances, to the plaintiff, although often requested so to do by the plaintiff, who until the time of the rescission of said contract, as hereinafter mentioned, was at all times ready and willing to take and receive from the defendant such good and marketable title to the said premises, clear of incumbrances, and pay the defendant the balance or remainder of the aforesaid purchase money;" that the title was not good and marketable and clear of incumbrances, but was subject to the lien of a judgment for $7,000, entered in 1896, and another for $12,000, entered in 1897, and to a ground rent of $228 a year; that "the defendant still continuing in her default to perform her part of the aforesaid contract, the plaintiff, on May 28, 1898, rescinded the said sale," and demanded the return of the money previously paid, which was refused. It embraces a further claim for expenses incurred in preparations for performance of the contract.

This, unquestionably, shows a good cause of action. The reply fails to set forth a sufficient defense. As the case is presented, the objection that a tender of the balance of purchase money is not averred has no application. When, as here, covenants for conveyance and for payment are mutual and dependent, a tender of conveyance by the vendor, or of payment by the vendee, is a condition precedent to an action for the enforcement of the contract: Irvin v. Bleakley, 67 Pa. 24. But an action in disaffirmance of the contract rests on different grounds. Its basis is the default of one party, with absence of default by the other. To sustain it, no more is required than readiness to perform. A tender of performance is not a condition precedent to a rescission of the contract by the party not in default. Since the party in default cannot demand performance by the other, he cannot demand a tender of performance. A denial of the contract, or a direct refusal to accept the land, by the vendee, will dispense with the tender of a deed by the vendor previous to bringing an action for breach of the contract; nor is such tender necessary when the vendor brings ejectment on his legal title upon default by the vendee (Hampton v. Speckenagle, 9 S. & R. 212; Weaver v. Zimmerman, 3 W. N. C. 56; Lauer v. Lee, 42 Pa. 165); and when the vendor is in default, through failure to convey, a tender by the vendee, on rescinding the contract, is unnecessary. It is only when there is nothing further to be done by the party to whom the money is

payable that an actual tender is necessary; when the duty of mutual performance still remains, a readiness to pay on performance by the other party is sufficient: Zents v. Legnard, 70 Pa. 192; Wagenblast v. McKean, 2 Gr. 393; Williams v. Bentley, 27 Pa. 294; Henry v. Raiman, 25 Pa. 354. In the case before us, the plaintiff avers a constant readiness to pay on performance by the defendant, and this meets every legal requirement on this point.

The contention that the vendee, having waived performance by permitting the time fixed for it to pass without demanding it, cannot afterwards rescind, is untenable. Such waiver does not appear in the pleadings. The declaration avers frequent requests by the vendee, and in the affidavit of defense there is no denial of this, and no allegation of a waiver. In Tiernan v. Roeland, 15 Pa. 429, in an opinion by BELL, J., at nisi prius, on which the decree was affirmed in banc, it is said that " when a day is fixed for the completion of the contract, the vendee must demand the execution of the conveyance on the day, with notice that if not completed he will not be bound by his bargain. When no day is fixed, this may be within a reasonable time." In Holt's Appeal, 98 Pa. 257, the same view is expressed. This course, however, is necessary only to put the vendor in default on the day of performance, and authorize immediate rescission by the vendee. When the day fixed has passed without performance or demand by either party, it is a mutual waiver of strict performance; and as in such case no default is to be imputed to either party, neither can afterward rescind without giving the other reasonable notice and opportunity to perform, the sufficiency of which is to be determined by the court: Hatton v. Johnson, 83 Pa. 219; Holt's Appeal, supra; Davis v. Stuard, 99 Pa. 295. And when the vendor brings ejectment, the vendee will still be allowed a reasonable time for performance, to be fixed by the jury under the direction of the court. In the present case, the contract, made March 15, stipulated for performance " about April first; " it stood without performance until May 28, when the vendee gave notice of rescission; and still remained unperformed June 24, when the vendee commenced this action in disaffirmance of it. In the absence of any reason for further delay, this must be regarded as having given the vendor sufficient opportunity to perform. The

affidavit of defense sets up no reason for any delay, but on the contrary avers that " long prior to May 28, the defendant had been and was ready, able, willing, and anxious to perform." Beyond question, therefore, at the commencement of the action the defendant was in default, and the plaintiff had a right to rescind.

The denial, in the affidavit of defense, that the defendant made default, is but a conclusion. Nonperformance is not denied, and no facts are stated in relief of the default which this implies. The affidavit avers nothing in the direction of performance, or in excuse of the vendor's inaction. The alleged readiness to perform, though perhaps existing in the defendant's mind, was not manifested by any of the acts in which performance consists. The objection to the declaration, that it "in no wise alleges a tender of a deed for execution," indicates that the defendant expected the plaintiff to prepare the deed. The rule on this point, as stated by TILGHMAN, C. J., in Sweitzer v. Hummell, 3 S. & R. 228, after a review of the practice here and in England, is that the vendor must prepare the deed; and in Callaghan v. McCredy, 48 Pa. 463, it is held that, in the absence of an agreement otherwise, the vendor must pay for the revenue stamps required by act of congress. The defendant argues that it is the custom in Philadelphia for the vendee to prepare the deed. No such custom is averred in the affidavit of defense, and there is in this state no particular custom of which the courts are required to take judicial notice. But even under such a custom, " the vendor is at least bound to produce his title to the vendee, and offer himself ready to execute a deed; for without a sight of the papers it would not be possible for the vendee either to prepare a deed or form a judgment of the goodness of the title, which he has a right to be satisfied of before paying:" Dearth v. Williamson, 2 S. & R. 498. No act of this character, on the part of the vendor, is here alleged.

The defendant being thus in default as to conveyance, the incumbrances on the land form only a cumulative ground for rescission by the plaintiff. Being much larger in amount, they could not be satisfied with the purchase money. The averments respecting the judgments, in the affidavit of defense, are too indefinite to serve any purpose. They fail to show how

the lien of $19,000 was to be removed upon payment of $4,500; whether the creditors had consented to release upon such payment, or the vendor had otherwise the means of discharging them.   While it was not necessary for the defendant actually to obtain releases until the plaintiff was ready to perform his part of the contract, the declaration avers his constant readiness. It is essential, therefore, that the defendant's ability to convey free of incumbrances should be clearly exhibited.

The expenses for which the plaintiff claims reimbursement appear to have been of a legitimate character and reasonable in amount.   On this point, indeed, there is no denial; the objection being only that the defendant is not liable for them because there was no tender of a deed for execution, or of the balance of purchase money.   Such tender, however, was not required of the plaintiff.   It has long been settled that on default by the vendor, without fraud, the vendee may recover for expenses necessarily or properly incurred on the faith of the contract, with the consideration paid.   When the default involves fraud, the measure of damages becomes enlarged; when no part of the consideration has been paid, and no expenses incurred, it is nominal.   Illustrations may be found in Lee v. Dean, 3 Wh. 316; Bitner v. Brough, 11 Pa. 127; Meason v. Kaine, 67 Pa. 126; Thompson v. Sheplar, 72 Pa. 160; McCafferty v. Griswold, 99 Pa. 270: Allison v. Montgomery, 107 Pa. 455; Rineer v. Collins, 156 Pa. 342.

Judgment affirmed.