## Loewenstein v. Armstrong, Appellant.

*Vendor and vendee—Sale—Forfeit money—Forfeiture—Affidavit of defense.*
Where an agreement for the sale of land provided for a deposit of a portion of the purchase money on the execution of the agreement and the payment of the balance on the day of settlement, and further provided that if the purchaser should "fail to comply with his part of the agreement within the time specified for settlement, which is thirty days, the money is to be forfeited," the vendor cannot refuse to return the money because tender of the balance was not made until five days after the time of settlement, without showing that within the time specified he had tendered a deed with clear title to the purchaser.

Argued Dec. 16, 1904. Appeal, No. 212, Oct. T., 1904, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1904, No. 652, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Benjamin Loewenstein v. William H. Armstrong, trading as William H. Armstrong. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for return of forfeit money paid under an agreement for purchase of real estate.

The material provisions of the contract were as follows :

" Two hundred and fifty dollars of the purchase money being paid on account at the signing of this agreement, and the balance of ten hundred and fifty dollars, together with any other apportionments, is to be delivered on day of settlement.

" Should the party of the second part fail to comply with his part of the agreement within the time specified for settlement, which is thirty days, the money is to be forfeited."

The agreement was signed on January 15, 1904.   Plaintiff tendered deed and balance of purchase money on February 19, 1904.

The affidavit averred, inter alia, as follows :

Defendant further avers that he, the said defendant, was willing and ready at all times within the said thirty days from January 15, 1904, to carry out and fully perform his every obligation in said agreement with the plaintiff but that the plaintiff did fail to comply with his, the said plaintiff's, obligation under the said agreement, and did fail to present to the defendant for execution, any deed or deeds whatsoever, or the balance of the purchase money for the said premises within thirty days or the time called for by the agreement between them.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Augustus Trask Ashton*, for appellant.—In support of our contention that the defendant had a right to-retain the amount paid on account of the contract we refer to the following : Streeper v. Williams, 48 Pa. 450; Wilkinson v. Colley, 164 Pa. 35; Emery v. Boyle, 200 Pa. 249; Mathews v. Sharp, 99 Pa. 560.

*Clinton O. Mayer*, with him *Joseph L. Greenwald*, for appellee.—In order for either side to claim the forfeiture of the money, or the compelling of the carrying out of the agreement, they must have exhibited not only a willingness to perform, but an actual performance thereof : Eberz v. Heisler, 12 Pa. Superior Ct. 388; Vankirk v. Patterson, 201 Pa. 90.

OPINION BY RICE, P. J., March 14, 1904:

The defendant's contention amounts to this, that the plaintiff forfeited the money paid upon the execution of the contract because he did not tender the balance of the purchase money and a deed, prepared for execution by the owner of the premises, within thirty days. We quote the language of his counsel: "The agreement was signed on January 5th, 1904. Not until the 19th of February did the plaintiff, according to his statement of claim, tender to the defendant a deed, together with the purchase money. This was some four or five days after the expiration of the time provided for in the agreement under which the contract was to have been completed. The defendant then refused to make conveyance of the property and also refused to return the sum of $250 which he retained as damages resulting from plaintiff's failure to perform the terms of his agreement to purchase the property within the time provided for." In order to sustain his claim of forfeiture we must ignore the covenant on his part that "clear title," aside from a certain specified incumbrance, was "to be given or money to be refunded," or hold that his mere readiness and willingness to perform within the thirty days, not manifested in any way to the plaintiff, were equivalent to a tender of performance within the time specified. The mere statement of the proposition carries with it its own refutation. As was said by our Brother SMITH in Eberz v. Heisler, 12 Pa. Superior Ct. 388, "the alleged readiness to perform, though perhaps existing in the defendant's mind, was not manifested by any of the acts in which performance consists." Hence the plaintiff was not in default; but, upon his tender of the deed and the balance of the purchase money, and the refusal of the defendant to have the deed executed, was entitled to demand repayment of the money he had paid upon the execution of the contract. The case last cited and Vankirk v. Patterson, 201 Pa. 90, are not analogous to the present in every particular but the principles enunciated therein are so clearly applicable as to render further discussion unnecessary.

Judgment affirmed.