# Hopkins v. Phillips, Appellant.

*Contracts—Contracts for sale of real estate—Breach of contract —Money paid on account—Recovery.*

In an action of assumpsit for money paid on account, at the execution of articles of agreement for the sale of real estate, a verdict for the plaintiff will be sustained where it appears that the vendor had no title to the premises which he agreed to sell and was subsequently unable to make a conveyance. In such case, a failure to tender the balance of purchase price did not entitle the defendant to assert a forfeiture, as upon his own showing, he could not have conveyed even if tender had been made.

The plaintiff, under the covenants, was not bound to accept a deed from any grantor other than the defendant. He had the right to have the personal responsibility of the defendant behind the covenants of warranty contained in the deed, no matter whether the warranties were general or special. He could not be required to accept a deed from any irresponsible grantor, whom the defendant might select, when under the articles of sale, he was entitled to look for a conveyance from the defendant.

Argued October 13, 1920. Appeal, No. 57, Oct. T., 1920, by defendant, from judgment of Municipal Court of Philadelphia, Nov. T., 1918, No. 377, on verdict for plaintiff in the case of Solomon Hopkins v. William Phillips. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

244    HOPKINS *v.* PHILLIPS, Appellant.

Assumpsit for money paid on account on the sale of real estate. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $373.92 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion non obstante veredicto.

*Frank Rogers Donahue,* for appellant.

*John W. Speckman,* for appellee.

OPINION BY PORTER, J., March 5, 1921:

The plaintiff seeks in this action to recover the cash paid to the defendant upon the execution of articles of agreement for the sale and conveyance, by the latter, of three houses and lots in Philadelphia. The agreement was dated April 23, 1918, and provided that settlement should be made and the balance of the purchase money paid within fifty days from said date and that in case the plaintiff failed to pay the balance of the purchase money within said time the cash payment of three hundred dollars should be forfeited. The defendant asserted that the plaintiff had failed to make settlement and pay the balance of the purchase money within fifty days and had so forfeited the amount of the cash payment. The plaintiff recovered a verdict and judgment in the court below and the defendant appeals. The only assignments of error refer to the refusal of the court to give binding instructions in favor of the defendant and the overruling of a motion for judgment in favor of the defendant non obstante veredicto. If, therefore, the evidence was such as to require the submission of the case to the jury the judgment must be affirmed.

The defendant, in his written agreement, covenanted "for himself, his heirs, executors and administrators, to

sell and convey" to the plaintiff the houses and lots in question. "The premises to be conveyed clear of any encumbrance......The title to be such as would be insured by any responsible Philadelphia title insurance company." The plaintiff, under these covenants, was not bound to accept a deed from any grantor other than the defendant; he had the right to have the personal responsibility of the defendant behind the covenants of warranty contained in the deed, no matter whether those warranties were special or general. He could not be required to accept a deed from any irresponsible grantor whom the defendant might select. The evidence produced by this defendant clearly established that he did not have, at the time this agreement was executed or at any time since, any title whatever to the property in question. What the defendant was intending all the time to do, according to his own testimony, was to have this plaintiff accept a deed from some grantor with whom he had never had any dealings. The defendant never was able to perform his covenant to convey the property, during the period provided by the contract for the payment of the balance of the purchase money by the plaintiff. The plaintiff did not, it is true, tender the balance of the purchase money until after the expiration of the fifty days, but this failure does not entitle the defendant to assert a forfeiture, when, upon his own showing, he could not have conveyed even if a tender had been made: Eberz v. Heisler, 12 Pa. Superior Ct. 388; Lowenstein v. Armstrong, 27 Pa. Superior Ct. 543. The defendant testified that at the time of the execution of the agreement, there was a parol agreement that the plaintiff would accept a conveyance from another party, and his testimony, upon this point, was corroborated by that of another witness. This was an attempt, upon the part of the defendant, to modify the terms of a written agreement. This testimony was flatly contradicted by that of the plaintiff. Even if it be assumed that the testimony produced by the defendant as to the contem-

poraneous parol agreement was sufficient, if believed, to modify the terms of the written contract, the court could not declare, as matter of law, that such testimony was true. The case was, therefore, for the jury. The court did not err in refusing binding instructions in favor of the defendant, nor in overruling his motion for judgment non obstante veredicto.

The judgment is affirmed.