## Benner *v.* Berman and Trattner, Appellants.

*Real estate—Contracts for sale of—Breach of contract—Money paid on account.*

In an action of assumpsit to recover money paid on account in the sale of real estate, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence established that the defendants had received the money, had not made conveyance as agreed upon in the contract and had refused to return the money after they were in default.

Argued October 10, 1923.    Appeal, No. 222, Oct. T., 1923, by defendants, from judgment of Municipal Court of Philadelphia, Aug. T., 1922, No. 122, on verdict for plaintiff in the case of Sara Benner v. Nathan Berman and I. Victor Trattner, trading as Berman & Trattner. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Assumpsit to recover money paid on account of sale of real estate.    Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $520 and judgment thereon. Defendants appealed.

*Error assigned* was refusal of defendants' motion for judgment non obstante veredicto.

*David E. Rattin,* and with him *Francis C. Menamin,* for appellants.

*Charles J. Weiss,* and with him *Henry Wessel, Jr.,* and *Jerome Bennett,* for appellee.

OPINION BY PORTER, J., December 10, 1923:

The plaintiff recovered a judgment in the court below for the cash payment made upon the execution of articles of agreement in which the defendants covenanted to convey to her five houses on Ridge Avenue, in the City of Philadelphia, and the appeal is by the defendants. The only assignment of error is based on the refusal of the court below to enter judgment in favor of the defendants, notwithstanding the verdict.

The articles of agreement were dated June 10, 1922, and among their provisions the defendants covenanted to sell and convey the properties and the plaintiff agreed to pay as the consideration therefor the sum of $21,500; possession to be given upon delivery of the deed. They contained the following covenant material to the rights of the parties in this case, viz: "And the said parties hereby bind themselves, their heirs, executors and administrators, for the faithful performance of the above agreement within forty-five days from the date hereof, said time to be of the essence of this agreement, unless extended by mutual consent in writing endorsed hereon." The cash payment required by the contract was made upon execution thereof. Defendants contemporaneously executed and delivered to the plaintiff a written instrument acknowledging the receipt from plaintiff of "payment in full for conveyancing and title insurance for the

premises described in the agreement." These two agreements relating to the same subject-matter and executed at the same time are to be construed together and, thus construed, required the defendants, the vendors, to attend to the conveyancing and procure the title insurance within forty-five days. The plaintiff testified that the defendants agreed to give her notice one week ahead of the time of settlement, and that she was ready to pay the purchase money; that not having received such notice she, on the last day for settlement, consulted her attorney, Henry Wessel, Esq. Mr. Wessel was called as a witness and testified that the plaintiff called upon him on the 25th day of July, 1922, and that he (Wessel) called up the office of the defendants and talked to Mr. Berman by telephone; that he called the attention of the latter to the fact that the agreement had been executed and that the time for settlement expired on that day; that Mr. Berman answered that he was familiar with the agreement; that he asked Berman what he was going to do about settlement, and that Berman replied that he wasn't able to state at that time when settlement would be made; that Berman admitted that he had received the amount of the cash payment, and that he then notified Berman that it was the last day for settlement and asked him if, being unable to settle, he would return the cash payment, and that Berman refused to do so.

Having received payment for attending to the conveyancing and procuring the title insurance, and if the oral testimony of the plaintiff (which did not in any way vary the written agreement) was true, these defendants had undertaken to give this plaintiff notice at what time, within forty-five days, they would be ready to close the transaction. If the testimony of Mr. Wessel was true, and it was not contradicted, the defendants were in default; they failed to do what they had covenanted to do within the time by the contract expressly provided. There was no evidence that the time for per-

formance had been extended nor had the defendants in their affidavits of defense averred that there had been any such extension. If the oral testimony was true the defendants were in default on the day of performance, and the plaintiff had the right to immediately rescind the contract and demand return of the money which she had paid: Eberz v. Heisler, 12 Pa. Superior Ct. 388. The court did not err in refusing binding instructions in favor of the defendants, nor in overruling the motion for judgment notwithstanding the verdict.

The judgment is affirmed.