## Martin v. Gettle.

*Contracts for sale of real estate — Time of performance — Consent to delay—Demand and tender of performance.*

1. In contracts for the purchase of real estate, time is not of the essence of the contract, unless expressly so made.

2. Where the time stipulated for the performance of a contract in which time is not of the essence has passed without demand and tender of performance by either party, the time for performance becomes indefinite, but mutual and dependent whenever it should occur. In such case, whichever of the parties first desires to enforce performance is bound to regard his part of the contract as a condition precedent, and must perform or offer performance in order to enable him to proceed to enforce the contract.

3. When a contract contains concurrent conditions, mutual and dependent covenants, either an offer of performance or of an intention to perform by one party must be shown before he can charge the other with a breach.

4. The fact that the real estate of a vendor is subject to a lien in excess of the amount of the balance of the purchase money to be paid, which, before the purchaser tendered performance on his part, he arranged to be released, was not sufficient in itself to constitute a breach of the agreement.

5. In an action by the purchaser of real estate to recover from the vendor part of the purchase money paid, on the ground that the vendor had committed a breach of the contract by failure to convey on the day designated in the agreement of sale, where it appears that the vendee acquiesced in the delay and brought his action without tender of performance on his part or demand of performance by the vendor, there can be no recovery.

Motion for judgment for defendant *non obstante veredicto.* C. P. York Co., Aug. T., 1926, No. 36.

*Schmidt, Keesey, Stair & Kurtz,* for defendant and motion.

*Jacob E. Weaver* and *Donald S. Yost,* contra.

STOCK, J., June 13, 1927.—The facts in this case are not in dispute. These facts are as follows: On Aug. 29, 1924, plaintiff and defendant entered into a written agreement for the sale by defendant to plaintiff of a certain farm for the price of $2000, payable $300 in cash, the balance to remain on the property on first mortgage, the deed to be delivered on or before Sept. 15, 1924. Defendant's tenant was to remain on the premises until April 1, 1925. The day fixed for delivery of deed was permitted to pass without a tender of performance, or an offer to perform, or a demand for performance by either party. Plaintiff had paid the $300 cash previously. Defendant had a clear title to the property, except that a judgment in the sum of $2226, exceeding the balance due on the purchase price, was a lien against the property, and for that reason title could not be given by the vendor at the time agreed upon.

Plaintiff wrote several letters inquiring about the delay, and in one of them tried to arrange a definite date of settlement, and finally, on Nov. 3, 1924, wrote defendant's attorney acquiescing in the delay. On Dec. 2, 1924, plaintiff attempted to rescind the agreement and demanded a return of the money paid by him on account of this contract. At the same time, probably the same day, defendant, through her attorney, E. E. Allen, Esq., who had been employed by both parties to the agreement, notified plaintiff that she was in position to secure the release of the judgment, and asked plaintiff to execute a bond and mortgage which had been prepared and forwarded to plaintiff. Defendant had previously secured the assent of Patterson, the plaintiff in the judgment encumbering this property, to release this property from the lien of his judgment. Plaintiff, however, stood upon his rescission and refused to perform under the contract. He later brought this suit to recover the sum of $300 paid on account of said agreement.

Martin v. Gettle.

These facts are not in dispute. Both parties take the position that the determination of this suit is a question of law for the court to decide, and that there is no issue of fact for submission to a jury.

It is established beyond question that in contracts for the purchase of real estate time is not of the essence of the contract, and if the vendee, the plaintiff, desired to complete performance on Sept. 15, 1924, it was his duty on that day to tender performance on his part and demand delivery of the deed: Weaver v. Griffith, 210 Pa. 13; Tiernan v. Roland & Blackstone, 15 Pa. 429-441. When Sept. 15, 1924, passed without demand and tender of performance by either party, the time for performance became indefinite, but mutual and dependent whenever it should occur. In this category, whichever of the parties first desires to enforce performance is bound to regard his part of the contract as a condition precedent and perform or offer performance in order to enable him to proceed to enforce the contract: Irvin v. Bleakley, 67 Pa. 24. When the time for the payment of purchase money and for delivery of the deed has passed without performance or tender thereof by either party, the time for performance becomes indefinite, and whichever of the parties first desires to enforce the contract must perform, or offer to perform, his part of it as a condition precedent. When a contract contains concurrent conditions or mutual and dependent covenants, either an offer of performance, or of an intention to perform by one party, must be shown before he can charge the other with a breach; and without a breach, there can be no ground for rescission of the contract: Boyd v. McCullough, 137 Pa. 7; Holt's Appeal, 98 Pa. 257; Hatton v. Johnson, 83 Pa. 219; Eberz v. Heisler, 12 Pa. Superior Ct. 388. The rule is different where vendor never had title, Hopkins v. Phillips, 76 Pa. Superior Ct. 243, or where time is expressly made of the essence of the contract: Benner v. Berman and Trattner, 82 Pa. Superior Ct. 313. In the first case, the vendor is in default by reason of the want of title, and tender of the purchase money by the vendee is unnecessary, for vendor could not convey if tender had been made. In the second class of cases, when time is made of the essence of the contract by express words, failure to perform within the time fixed in the agreement is a default, and vendee has the right to rescind immediately and demand return of the money paid on contract.

At the time of trial, plaintiff relied upon the ruling in Eberz v. Heisler, 12 Pa. Superior Ct. 388, in which it was held that where the time for performance had passed by without demand for performance made by either party, a tender of the balance of the purchase money was not necessary in order that the vendee could recover the amount paid by him on account, for the reason that the recovery was sought in disaffirmance of the contract. However, this case clearly states the law that although tender of performance is not necessary, yet it is essential that before rescission the party wishing to rescind must demand performance on the part of the other party and afford him a reasonable time within which to perform. In the case cited, the question was decided on the pleadings. Plaintiff alleged in his statement of claim that he was ready and willing to perform at the time he notified defendant of his rescission, and that he stood ready and willing to perform until suit was brought, which was twenty-seven days later, so that the court held in that case that defendant had had a reasonable opportunity after demand to perform. In the instant case, however, the first act on the part of plaintiff which might be construed a demand upon defendant for performance was done on Dec. 2, 1924, on which very day defendant, through her attorney, notified plaintiff that she was then ready and willing to perform, and called upon him to perform, which he refused to do. This refusal on his part constituted a

breach of the agreement and takes from him his right to recover in this action.

The fact that a lien existed as an encumbrance against this title greater in amount than the balance due on the contract was not sufficient in itself to constitute a breach of the agreement on the part of the defendant, for she had made her arrangement with Patterson, the holder of the judgment, that he would release the land to be conveyed and would accept in lieu thereof an assignment of the vendee's mortgage as security for the payment of his judgment which covered other real estate. She, as vendor, was not bound to remove an encumbrance except upon demand of the purchaser for performance, accompanied by an offer of readiness to perform on his part: Irvin v. Bleakley, 67 Pa. 24; Boyd v. Hoffman, 241 Pa. 421.

And now, to wit, June 13, 1927, the rule granted upon defendant's motion for a new trial is discharged, and the rule for judgment *non obstante veredicto* is made absolute, and judgment is entered in favor of the defendant and against the plaintiff *non obstante veredicto;* and plaintiff is granted an exception to the action of the court in this regard.

From Allen C. Wiest, York, Pa.