# Bohlen *v.* Black, Appellant.

*Equity—Specific performance—Payment of money—Stipulation for re-conveyance—Inadequate remedy at law—Laches—Bond and mortgage—Affirmance of contract.*

1. A decree of specific performance of a contract for the sale of land against the vendee cannot be attacked as a decree calling solely for the payment of money, where the decree shows on its face that it enforces a contract which gave the vendors a right of re-conveyance within a fixed period, upon certain terms, and contained other stipulations for the non-observance of any of which the law could afford no adequate measure of compensation.

2. Where a contract for the sale of land provides that the vendee shall give a purchase money mortgage, and he subsequently tenders a bond and mortgage, which are refused by the vendor because they did not conform to the contract, the vendee cannot thereafter when a bond and mortgage in proper form are tendered to him object that he was only required to execute a mortgage and not a bond.

3. Where a contract for the sale of land provides that the vendors shall place a deed in escrow, the vendee cannot on an appeal from a decree against him for specific performance, claim that the contract was forfeited because of the failure of the vendors to place a deed in escrow, where it appears that the failure to place the deed in escrow did not in any way affect the vendee's right, was never asserted as a ground for forfeiture, was not referred to in his answer or at the trial, and that the vendee had in fact recognized the continuance of the contract by tendering to the vendors a deed and bond and mortgage which he claimed were in proper form and complied with the contract.

4. A vendee cannot object to a decree against him for specific performance of a contract for the purchase of land to which he has been given possession, on the ground that the decree was not entered until five years after the date of the contract, where it appears that not a single circumstance had occurred to make it

more inequitable or onerous upon him to enforce the contract at
the date of the decree than would have been the case had the
vendors proceeded with the utmost diligence to enforce it; and
it further appears that the decree is so moulded as to enforce
the contract in entire accordance with its terms, except where
lapse of time made exact compliance impossible with respect to
matters of no substantial significance, and in regard to which the
equities of the parties were readily adjusted.

Argued April 18, 1912. Appeal, No. 50, Jan. T., 1912,
by Frederick Black, defendant, from decree of C. P. No.
5, Phila. Co., Sept. T., 1910, No. 3156, awarding specific
performance in case of Francis H. Bohlen and Charles
N. Black v. Frederick Black, Pearce Bailey, Edith L.
Bailey and James D. Black, Executor of Mary K. L.
Black, deceased. Before FELL, C. J., MESTREZAT, ELKIN,
STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for specific performance. Before RALS-
TON, J.

The material provisions of the contract in suit were
as follows, the land in question having been purchased
by the vendors in the contract at a master's sale follow-
ing proceedings in partition, though they had not yet
received their deed:

1. The parties of the first part agree to sell and the
party of the fourth part agrees to purchase for the sum
of ten thousand dollars when title is obtained from the
master in the partition proceedings, two certain tracts
of land known as tracts Nos. 1 and 2 on the plan of said
partition proceedings now pending in Delaware county
containing some 44 acres by survey (but 35 acres avail-
able land) saving and excepting therefrom the strip of
land lying to the north and west of the southern line
of the right of way granted to the South Western Street
Passenger Railway Company together with the right of
way over a strip of land 100 feet wide extending from a
point near the ferry wharf to and across the Back
Channel upon which the South Western Street Passen-

ger Railway Company's track is located, for the price of ten thousand dollars upon the following terms and conditions, viz:

2. The partition proceedings are to be immediately settled, and the party of the fourth part to be released from his bids, except for liability for the deposit money, if not paid in, and he to release all right, title and interest in the fund as heir of Miss E. N. Black.

3. The party of the fourth part to give a purchase money mortgage in the said sum of ten thousand dollars, payable twenty years after the date thereof with interest at the rate of four per cent. per annum and at the expiration of five years from the date thereof, to make yearly payments of five hundred dollars on account of the principal of the said mortgage.

4. The party of the fourth part agrees to improve the property by buildings and other permanent betterments, to the value of not less than three thousand dollars, nor more than five thousand dollars. And he further agrees to submit the estimate for such improvements to the parties of the first part, and after the completion of such work to submit bills and receipts as vouchers therefor.

5. And it is further understood and agreed that the deed to said party of the fourth part shall be delivered in escrow to John Rodgers, not to be delivered to said party of the fourth part, until the said sum of three thousand dollars shall have been expended as aforesaid, or until the security for the expenditure of the said sum of three thousand dollars within one year from the date of obtaining title from the master by the said Bohlen and Black shall have been given by said party of the fourth part, satisfactory to the said parties of the first part. And if said improvements shall not have been completed, or said security entered within one year from the date upon which said parties of the first part shall have obtained title from the master then this contract shall be void and of no effect, and the said deed in

escrow shall be redelivered to said parties of the first part.

6. The said deed shall contain a clause of defeasance whereby at any time within twenty years from the date of the said deed, upon one month's notice in writing, and upon the payment of the sum of twelve thousand dollars, together with all sums which may have been expended upon betterments and improvements, authorized and vouched for as above provided, and together with such further sum as will compensate the said party of the fourth part for the way-going crops and emblements, if the notice be so short as to prevent the crops from being harvested by him,—less the amount still due and payable upon the said mortgage—and any other indebtedness by the party of the fourth part to the parties of the first, second and third parts or any of them,— the title shall immediately revert to and re-vest in the said parties of the first part, and the party of the fourth part shall execute a deed of reconveyance therefor.

7. The said mortgage shall include in addition to the usual covenants for the payment of interest, and the yearly payment for the sum of five hundred dollars on account of the principal as above, and for the production of tax receipts and the maintenance of fire insurance to a satisfactory amount, to the parties of the first part —a covenant for the proper upkeep of the river banks, upon the land conveyed—and a failure to place and keep said banks in good order, upon notice given in writing to said party of the fourth part, shall be a breach of said covenant for the repair of said banks, and shall render the principal of said mortgage immediately due and payable.

The vendors obtained a title to the property under the partition on January 7, 1905. In the meantime Frederick Black had taken possession and continued therein. During his possession he made improvements stated to be of the value of $8,500. In 1907 plaintiffs submitted to defendant a form of deed, bond and mortgage. These

were objected to by defendant, and he in turn in 1908 submitted to plaintiffs a form of deed, bond and mortgage, which were refused by plaintiffs. On June 16, 1910, another form of deed, bond and mortgage were submitted to defendant, and upon the refusal of them, the bill was filed.

RALSTON, J., entered the following decree:

And now, to wit, July 14, A. D. 1911, the above case having come on for a hearing before me, upon bill, answers and proof, and upon consideration of the same, it is hereby ordered, adjudged and decreed:

1. That defendant, Frederick Black, execute and acknowledge a deed, in the form hereto annexed, made a part of this decree, and marked "Exhibit A," when the same is duly executed and acknowledged by plaintiffs, Francis H. Bohlen and Charles N. Black, and by Margaret W. Bohlen, wife of plaintiff, Francis H. Bohlen, and is tendered by plaintiffs to defendant, Frederick Black.

2. That defendant, Frederick Black, execute a bond and execute and acknowledge a mortgage in the forms hereto annexed, made a part of this decree, and marked respectively Exhibits B and C, and then deliver said bond and mortgage to plaintiffs, Francis H. Bohlen and Charles N. Black, said delivery to be made when and at the time a deed is tendered in the form in this decree provided by plaintiffs to defendant, Frederick Black.

3. That defendant, Frederick Black, pay plaintiffs the sum of one thousand dollars ($1,000), which payment shall cover and represent the two installments of principal which fell due on January 7th, 1910, and 1911, respectively, as provided in the above bond and mortgage, and which payment shall be made by defendant, Frederick Black, to plaintiffs when and at the time a deed is tendered by plaintiffs, as in this decree provided.

4. That defendant, Frederick Black, pay plaintiffs interest at the rate of four (4) per centum per annum on the sum of ten thousand dollars ($10,000) from Jan-

uary 7th, 1905, to the date of the delivery by him to plaintiffs of a bond and mortgage, properly executed and acknowledged, as in this decree provided, said payment to be made when and at the time plaintiffs tender a deed to defendant, Frederick Black, in the form provided for in this decree, said payment to cover and represent the interest due on said bond and mortgage from January 7th, 1905, to the date of said delivery.

5. That plaintiffs, Francis H. Bohlen and Charles N. Black, shall not be obligated to deliver a deed at the time tender is made by them, as in this decree provided, or at any time thereafter, unless and until defendant, Frederick Black, executes and acknowledges said deed, tenders and delivers said bond and mortgage properly executed and acknowledged, and pays plaintiffs the sums herein provided for.

6. That defendant, Frederick Black, pay the costs of this proceeding.

*Error assigned,* among others, was the decree of the court.

*V. Gilpin Robinson,* with him *John G. Kaufman* and *A. E. Peterson,* for appellant.—Decree entered makes a new contract: Bannerot v. Davidson, 226 Pa. 287; Rice v. Ruckle, 225 Pa. 231; Dinner v. O'Brien, 11 Lack. Jur. 126.

Plaintiffs were guilty of laches: Cook v. Grant, 16 S. & R. 198; Patterson v. Martx, 8 Watts 374; Parrish v. Koons, 1 Pars. 79; Andrews v. Bell, 56 Pa. 343.

A decree for specific performance is not a matter of course, and should not be granted if the transaction be inequitable and unjust in itself or rendered so by matters subsequently occurring: Friend v. Lamb, 152 Pa. 529.

Agreement does not call for bond.

Bill should be dismissed for want of jurisdiction: Kauffman's App., 55 Pa. 383.

Where a party would not suffer by a rescission of a contract, except in such damages as might be recovered in a suit at law, specific performance will be refused: Fry v. Leopold, 21 Montg. County 135; Friend v. Lamb, 152 Pa. 529; Campbell v. Spencer, 2 Binn. 129; Kauffman's App., 55 Pa. 383; Dech's App., 57 Pa. 467; Smaltz's App., 99 Pa. 310; Finley v. Aiken, 1 Grant (Pa.) 83.

*Owen J. Roberts,* for appellees.—The decree which has been entered places the parties in the exact position they would occupy to-day, had the contract been performed at the appointed time.

There has been no change in the circumstances of the parties which prevents an enforcement of the contract as an entirety; nor does the decree entered impose a new contract upon the parties.

The plaintiffs were entitled to receive on January 7, 1905, the purchase money mortgage, and are, therefore, entitled to recover the interest and installments of principal which have accrued since that date: Fasholt v. Reed, 16 S. & R. 266; Hershey's Est., 213 Pa. 601; Nettleton v. Caryl, 14 Pa. Superior Ct. 443.

The plaintiffs have no adequate remedy at law: Kauffman's App., 55 Pa. 383.

The defeasance is merely an option to repurchase. It does not work a forfeiture.

The doctrine of laches has no application to this case: Clarke v. Moore, 1 Joynes & LaTouche 723; Todd v. Pfoutz, 3 Yeates 177.

OPINION BY MR. JUSTICE STEWART, October 14, 1912:

This appeal is from a decree enforcing specific performance by a vendee of a written contract entered into for the sale and purchase of real estate. The integrity of the contract was not impeached. That it was entered into with a full understanding of its terms, in the exercise of entire good faith on part of both contracting

parties; that it is fair and conscionable in all its provisions, and that nothing has since occurred in change of values to render its enforcement oppressive upon either; and that the vendee has been in possession of the premises ever since the contract was entered into, are admitted facts. Why then should specific performance not have been decreed? If we confine ourselves to the reasons urged in the argument submitted on behalf of appellant it is only because we find it utterly impracticable, as counsel themselves must have done, to discuss seriatim the twenty-six assignments of error with which we are confronted. The argument submitted so reduces these that the case is brought within very narrow limits, and these we shall observe. First, it is objected that the case is not one calling for specific relief inasmuch as the decree is solely for the payment of money which could as readily be recovered in an action at law; second, the complainants by reason of laches have forfeited whatever right they had to equitable relief, and that it is now impossible to carry out the contract as a whole; third, that the bill and proofs do not show that the vendors were during this interval ready and willing to carry out their part of the contract; and, finally, that the decree is inequitable in its requirements and departs from the terms and conditions of the contract.

None of the objections call for extended discussion. With respect to the first it is sufficient to say that it involves a misstatement of facts. As the decree shows upon its face the relief obtained is not confined, as was the case in Kauffman's App., 55 Pa. 383, the authority relied upon, to the payment of money. It enforces a contract which gives to the vendors a right of reconveyance within a fixed period, upon certain terms, and contains other stipulations which appear in the recital hereinafter given, for nonobservance of any of which the law could afford no adequate measure of compensation. While the contract is plain and unambiguous in its terms, yet because of exceptional provisions includ-

ing that we have specifically referred to, and others
which equally distinguish it from the ordinary contract
of sale of real estate, it is one which, except as specifi-
cally enforced in equity, leaves the disappointed party
without adequate relief. The second objection is equally
lacking in merit. Before making the contract the ven-
dors had purchased the land at a master's sale following
proceedings in partition, but had not as yet received
their deed. By the contract the parties of the first part,
here the appellees, agreed to sell and the party of the
other part to purchase the land for the sum of ten thou-
sand dollars, "when title is obtained from the master in
the partition proceedings," upon the following terms:
(1) the purchasing party to give a purchase money
mortgage in the said sum of ten thousand dollars, pay-
able twenty years after the date thereof, with interest at
the rate of four per cent. per annum, and at the expira-
tion of five years from the date thereof to make yearly
payments of five hundred dollars on account of the
principal of said mortgage; (2) the purchasing party to
improve the property by building and other permanent
betterments to the value of not less than three, nor more
than five thousand dollars, and agreeing to submit the
estimate of such improvements to the vendors, and
upon completion to submit bills and receipts and vouch-
ers therefor; (3) the deed to be delivered in escrow,
not to be delivered to the vendee until the sum of three
thousand dollars shall have been expended in improve-
ments, or until security shall have been given for the
completion of the improvements within a year from the
time title from the master shall have been obtained; (4)
the deed to contain a clause of defeasance whereby at any
time within twenty years from the date of the deed upon
a month's notice in writing and upon payment of twelve
thousand dollars, together with all sums which may
have been expended upon improvements authorized and
vouched for as provided, and such further sum as will
compensate for way-going crops, less the amount due

and payable on the mortgage, and any other indebtedness by vendee to vendors, the title to revert to the vendors, the vendees to execute a deed of reconveyance therefor. A number of other provisions and stipulations were contained, which are unimportant in this connection and need not here be repeated. Title was obtained from the master 7 January, 1905. Meanwhile appellant had entered into possession, and that he has so continued is a fact found by the court. The vendors did not, upon obtaining title from the master, place in escrow a deed to the vendee as provided in their contract, but suffered matters to remain as they were with the vendee in possession until 1907, when they tendered to the vendee a conveyance and demanded compliance by the latter with the terms of the contract. Meanwhile the vendee had made large expenditures in permanent improvements, amounting, as he alleges, to eight thousand five hundred dollars. He declined the deed tendered, not in disaffirmance of the contract, not because of any failure on the part of the vendors to keep and observe their covenants, but because the deed and mortgage accompanying which he was asked to execute did not correctly follow the terms of the contract. In 1908, the appellant demanding a conveyance, submitted to the vendors a bond and mortgage which he asserted were in full compliance on their part of the contract. These securities the vendors in turn rejected for like reason. In 1910 vendors submitted still another deed with bond and mortgage to be executed by the complainant, which offer was also rejected by the appellant. The present bill for specific performance followed in 1910. The following conclusions are very clearly deducible:

(1) The failure on part of appellants to place a deed in escrow was not in prejudice of the vendee's rights; it affected him in no way whatever, was not complained against at the trial, was never asserted as ground of forfeiture, and is not even referred to in the answer to the

bill. More than this, when the appellant in 1908 submitted a form of deed to appellees which he was willing to accept and a bond and mortgage which he was willing to execute in compliance with the terms of the contract as he alleged, he not only recognized the continuance of the contract but waived the failure upon which he now relies.

(2) There is nothing in the history of the transaction which shows any purpose or desire in the parties on either side to abandon or rescind the contract. Whatever the delay, it was occasioned by a disagreement as to the conditions imposed on each, for which no warrant can be found in the contract itself.

(3) The appellant is and has been in the enjoyment and possession of everything he contracted for, and has paid nothing. He has expended in permanent improvements an amount in excess of the sum required by the contract, but has submitted no receipts or vouchers for such expenditures, nor does it appear that the improvements made were authorized or approved by the vendors. Not a single circumstance has occurred to make it more inequitable or onerous upon the appellant to enforce the contract now than would have been the case had the vendors proceeded with the utmost diligence to enforce it; nor has anything occurred to interfere with its enforcement even at this time in every substantial requirement.

That this exhibits a case entitling the vendors to a decree of specific performance is too obvious to call for discussion, and the principles governing are too familiar to call for any citation of authorities.

Nothing remains to consider but the terms of the decree. A careful examination shows that it enforces the contract in entire accordance with its terms, except where lapse of time has made exact compliance impossible with respect to matters of no substantial significance, and in regard to which the equities of the parties can readily be adjusted.

The deed which the complainant is required to accept is a sufficient conveyance under the terms of the contract; it recites that it is to take effect as of 7 January, 1905, in execution of a contract entered into 21 January, 1904, the terms of which are all therein recited, as well the stipulation for defeasance at the option of the vendors within the period fixed, and the terms to be observed in connection therewith. The bond and mortgage which complainant is required to execute and deliver alike relate back to the same period and make specific reference to the decree of the court requiring them. Together, deed, bond and mortgage are in exact conformity to the terms of the contract, even to the date of their taking effect. Every right of complainant under the contract is fully and amply reserved and protected. His right upon reconveyance to compensation for betterments and improvements he has made is expressly reserved in the very terms of the contract. The objection that he is required to execute a bond when the contract calls simply for a mortgage to secure the payment of the purchase money, could have been urged with great force had not the complainant shown this to be his own understanding of the requirements of the contract by tendering to the appellees bond and mortgage as a fulfillment on his part. We see no merit in any of the contentions made by the appellant.

The assignments of error are overruled and the decree is affirmed.