# Boyd v. Hoffman, Appellant.

*Contracts—Contracts for the sale of land—Specific performance —Purchase money—Assumpsit—Affidavit of defense—Insufficient averments.*

1. In an action of assumpsit on a contract for the sale of land to recover the purchase money, an affidavit of defense averring that plaintiff vendor had not tendered a deed within the time fixed for the performance of the contract, and that no release had been tendered for encumbrances admittedly on the land, and that a provision in the contract that defendant should forfeit a deposit of $100 as liquidated damages, if she should refuse to perform, was a bar to plaintiff's recovery of the purchase price, was rightly held insufficient, where it was admitted on the record that within the time for performance fixed by the contract, defendant had refused to perform, and that all the encumbrances could be discharged out of the purchase money, defendant's rights in such case being sufficiently protected by a provision of the order entering judgment requiring the deposit of a deed to the premises in court for defendant's use, and the release of the encumbrances before execution could issue.

2. In such case the plaintiff was not prevented from electing to compel specific performance of the contract by reason of the clause providing for the payment of damages in case of breach.

Argued April 1, 1913.   Appeal, No. 61, Jan. T., 1913, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1912, No. 5214, for plaintiff for want of a sufficient affidavit of defense in case of George A. Boyd v. Charlotte Hoffman.   Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Assumpsit on a contract for the sale of land to recover the purchase money. Rule for judgment for want of a sufficient affidavit of defense. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

The court made the rule absolute. Defendant appealed.

*Error assigned* was in making absolute the rule for judgment for want of a sufficient affidavit of defense.

*William T. Aldrich, Jr.,* for appellant.

*William E. Caveny,* for appellee.

OPINION BY MR. JUSTICE POTTER, June 27, 1913:

This is an appeal from a judgment entered for want of a sufficient affidavit of defense. The suit was brought to recover the sum of $2,600 under an article of agreement for the sale of certain real estate. From the statement of claim it appears that the stipulated purchase price was $2,700, of which $100 was paid under the agreement. It was stipulated that the contract should be performed within thirty days from its date (which was October 8, 1912), unless extended by mutual consent in writing, and that time was to be of the essence of the agreement. It was averred that on or about October 31, 1912, the defendant, through her agent, notified plaintiff that she would not complete the transaction, and that on November 7, 1912, plaintiff tendered to defendant a deed to the premises in proper form and duly executed, and demanded payment of the balance of the purchase money; but defendant refused to accept the deed, or pay the balance of the purchase money, stating that she had previously notified the plaintiff that she would not complete the purchase. Plaintiff further averred that he was at the time of the tender, and also when his statement was filed, in a position to make title to the premises in accordance with the terms of the

agreement.  He admitted that the premises were subject to the payment of a proportionate part of a blanket mortgage for $6,000 to a building and loan association, but averred that such mortgage would be released on the payment of the sum of $1,000, which amount he was ready and willing to have paid out of the purchase money due him by defendant.  Taxes for the current year were also due, and would also be paid out of the balance of the purchase money.  In the affidavit of defense it was averred:

1. That the agreement was not performed within the thirty days stipulated for its performance, and the time was not extended by mutual consent.  This contention is, however, of no avail in the face of the uncontradicted averment that prior to the expiration of the thirty days defendant notified plaintiff that she would not complete the purchase of the property.  In Hatton v. Johnson, 83 Pa. 219, Mr. Justice PAXSON said (p. 222): "A party who is himself in default has no right to insist on rescission while in default: 2 Pars. on Con. 5th Ed. 679. Where a day certain is designated in articles of agreement for the payment of the purchase money and the delivery of the deed, and the time is allowed to pass by without payment, or a tender of the deed, the time for the performance by the parties becomes indefinite, but mutual and dependent, whenever it should occur: Irvin v. Bleakley, 67 Pa. 24." And in Vankirk v. Patterson, 201 Pa. 90, we said (p. 95): "The authorities are uniformly to the effect, that where performance is prevented by either party no advantage can be taken by the party causing the failure." In the present case the defendant cannot take advantage of her refusal to perform the contract.

2. It is also averred that no deed was tendered to defendant when demand was made by plaintiff for the balance of the purchase money.  She had, however, given notice that she would not carry out the contract, and a tender of the deed therefor was unnecessary.  It would

have been a useless thing for the plaintiff to tender a deed which the defendant had beforehand told him she would not accept. Whether or not it was actually tendered, was immaterial.

3. Another ground of defense set up, is that no release of the mortgage on the property purchased, was tendered to defendant. The answer to this contention is, that it is averred in the statement, that the mortgage would be released on payment of the sum of $1,000 which was less than the amount of the purchase money due. This averment is not denied in the affidavit of defense. This question is ruled, as pointed out in the opinion of the court below, by the decision in Irvin v. Bleakley, 67 Pa. 24, already cited. In that case there were judgments against the property amounting to less than the purchase money. The court held that this fact afforded no ground for rescission of the contract by the vendees. They had in their own hands the means to pay the judgments, if the defendant did not do so. It was pointed out that the defendant was not obliged to remove the encumbrances unless called upon to do so by the demand of the plaintiffs for performance of the contract, and the manifestation of readiness on their part to comply with their covenants. The court pertinently asks, "Why should the defendant have removed these liens without knowing whether they (the vendees) were going to complete the contract on their part?"

In the present case, the defendant is fully protected by the terms of the judgment entered by the court below, for it is conditioned that no execution shall be issued thereon, until the plaintiff has deposited with the prothonotary a properly executed deed for the premises, and a properly executed release of the mortgage.

Another alleged ground of defense is that the stipulation in the agreement of sale that the deposit of $100 should be forfeited to the vendor as liquidated damages in case of default by the vendees, prevents the recovery by plaintiff of any further sum in the present action.

The point is not well taken.   The rule in such a case is thus stated by Mr. Justice MESTREZAT in the recent case of Sanders v. Brock, 230 Pa. 609, as follows (p. 614) : "When a purchaser of real estate declines to comply with his agreement by paying the purchase money, the vendor may, in affirmance of the contract, bring an action to compel payment of the money, or he may treat the contract as rescinded and sue for damages for its breach."   The affidavit of defense is clearly insufficient and the court below was fully justified in the entry of the judgment which is so conditioned that it fully protects the rights of the defendant.

The assignments of error are overruled, and the judgment is affirmed.