# Ford v. Hedley, Appellant.

*Vendor and vendee — Real estate — Tender of deed — Encumbrances.*

In an action by a vendee of real estate to recover back a portion of the purchase-money, where it appears that the property was "to

be conveyed clear of all encumbrances," an affidavit of defense is insufficient which avers that a deed was tendered to plaintiff and that defendant was ready and willing to remove all encumbrances and would have given to plaintiff a clear title to the premises.

In such a case plaintiff was entitled to a clear title when the deed was tendered.

Argued Nov. 24, 1915.   Appeal, No. 146, Oct. T., 1915, by defendant, from order of C. P. No. 2, Philadelphia Co., Dec. T., 1914, No. 3481, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Frank J. Ford v. Edward H. Hedley.   Before Rice,. P. J., Orlady, Head, Porter, Henderson, Kephart and Trexler, JJ.   Affirmed.

Assumpsit to recover back part of purchase-price of real estate.

From the record it appeared that defendant had agreed in writing to sell to plaintiff certain real estate clear of all encumbrances for $2,000 of which $1,000 was to be paid by delivery of an automobile, and the balance to be raised by a building and loan association mortgage, to be executed by the purchaser.   The automobile was delivered, and a tender of a deed was made.   The defendant filed an affidavit of defense which was in part as follows:

7.  Defendant denies that he refused and failed to perform his covenants under the said contract heretofore referred to in the plaintiff's statement of claim, marked "Exhibit A," but avers that he did, on or about the 20th day of January, 1915, which was within a reasonable time after the said 8th day of January, A. D. 1915, tender to the said plaintiff or his attorney, deed and mortgage for the premises so described in said "Exhibit A," and would have given to the said plaintiff a clear title to the said property referred to in said "Exhibit A," and that all judgments and other flaws in said title would have been removed as of record on the said date of said tenderance.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*G. D. Bartlett,* for appellant.

*John F. Gorman,* with him *Leo J. Gorman* and *William Gorman,* for appellee.

OPINION BY TREXLER, J., March 1, 1916:

The plaintiff made an agreement with the defendant for the purchase of a lot of ground for $2,000.00, $1,-000.00 to be paid by the delivery of an automobile, the balance to be raised by a building association mortgage which the vendor, Hedley, was to negotiate and Ford, the purchaser, was to execute. The plaintiff delivered the automobile as agreed, but claims that the vendor did not keep his bargain. He brings suit for the value of the automobile. The court entered judgment in his favor for want of a sufficient affidavit of defense. We think the judgment was properly entered.

The case on its face presents nothing that would make difficult a statement of the facts constituting the defense. The defendant alleges a compliance with his contract and states that he made a tender. He avers that he would have given at the time the tender was made to the said plaintiff, a clear title to said property and that all judgments and liens would have been removed. Under the agreement the property was "to be conveyed clear of all encumbrances." Plaintiff was not required to take it subject to liens even if it was the intention of the vendor to remove the liens subsequently. There is no denial of the fact alleged by the plaintiff that the property was encumbered. The tender had to be made in conformity to the agreement. His ability to clear the title was not the criterion. The agreement required the title to be clear when the deed was given.

Judgment affirmed.