## Baker et al., Appellants, *v.* Kaplan et al.

*Vendor and vendee—Contract to sell real estate—Question of insurance of title by title company—Charge—Answer to points—Conflicting instructions—Hand money.*

1. In an action by a vendor to recover purchase money paid on account of real estate, where it appears that the title was to be such as would be insured by a title insurance company, and the only issue is whether such company did or did not refuse to insure it against certain alleged easements, and this issue is clearly left to the jury on conflicting testimony, affirmative answers to defendant's points as to such easements are immaterial, if they in no way confuse the issue presented to the jury, the verdict being for defendant for the hand money.

Argued December 4, 1924. Appeal, No. 147, Jan. T., 1925, by plaintiffs, from judgment of C. P. No. 1, Phila. Co., June T., 1921, No. 2627, on verdict for defendants, in case of Joseph M. Baker et al. to use of Joseph M. Baker et al. v. John Kaplan and Allen Kaplan. Before MOSCH-

ZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit to recover purchase price of real estate. Before SHOEMAKER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants for hand money. Plaintiffs appealed.

*Errors assigned* were various instructions, quoting record.

*B. D. Oliensis,* with him *Joseph H. Lieberman,* for appellants.

*Samuel J. Gottesfeld,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 5, 1925:

Plaintiffs brought suit to recover a balance of purchase money due under a contract for sale of real estate. Defendants set up defects in the title and counterclaimed for the return of the hand money. Before the case came to trial, plaintiffs sold the property to a third person and could not therefore continue in their claim for purchase money. The litigation, however, went forward and resulted in a verdict for defendants for the hand money they had paid; from the judgment entered thereon plaintiffs bring this appeal.

The contract of sale stipulated that the property should be conveyed free and clear of all encumbrances and easements except certain mortgages. It was averred by defendants that there were encumbrances and easements on the premises consisting of a steam and water pipe, which ran from an adjoining building to the one in question and was fastened to its walls, that telephone wires were attached to the outside wall of the property and that the steps of a fire escape from the property overlapped the adjoining one. The agreement of sale pro-

vided that the title should be such as would be insured by the Commonwealth Title Insurance and Trust Company.

The real contest at the trial, as is manifest from the record, particularly from the judge's charge, to which no exception was taken, was over the last-named provision of the agreement, whether the title was such as the company named would insure. On behalf of defendants, there was testimony to show that the title company would not insure against the defects named, while plaintiffs called witnesses to show that it would. The court in a clear and adequate charge submitted this question to the jury, whose province it was, under the conflicting evidence, to settle it; they followed defendants' contention and by their verdict established that the title was not insurable against the defects alleged and this required plaintiffs to pay back to defendants the hand money.

Appellants in their printed brief raise three questions: Whether the telephone wires, pipe and steps, in the absence of evidence that they were maintained under some color of right, constituted easements; whether the fact that the purchasers saw them prior to executing the contract puts it out of their hand to set them up as violating the clause of the contract providing against encumbrances and easements; and whether the verdict can be sustained in view of an alleged conflict between the instructions in the general charge and those embodied in the defendants' points, which were affirmed. Only the last proposition was pressed in oral argument. While the others were not abandoned, it is obvious they are of little consequence, because, whether the alleged easements were such in reality or not, or whether appellees knew of them, and, knowing, signed the agreement of purchase and paid the down money, can make no difference so far as its recovery is concerned, if the fact be that the trust company would not insure the title against the alleged easements.

As before stated, whether the title would be insured, was the only question submitted by the court in its general charge. Were the points affirmed irreconcilable with the charge and did they confuse the issue in the juror's minds and result in an unwarranted and unjust verdict? Appellants rely upon what was said in Shimer v. Jones, 47 Pa. 268, and Rodinella v. Metropolitan Life Ins. Co., 24 Pa. Superior Ct. 293, as warrant for their insistence that we reverse the judgment. In the first, the reversal was ordered because it could not be said which of two conflicting instructions the jury followed, and, in the latter, because the instructions complained against were inherently erroneous, and also tended to produce confusion in the minds of the jurors concerning the rule of law to be adopted and applied to the case, there being no means of determining what the jury fixed upon as their guide.

When we take into account the simple issue the jury in the present case was called upon to determine, it cannot be successfully maintained that the points and their answers clouded that issue. In one of them attention was called to the agreement that the premises were to be conveyed free and clear of encumbrances and easements, except mortgages, and if there were other encumbrances and easements, the defendants would be entitled to the return of their deposit money; by another it was said that it was not incumbent upon defendants in order to justify the jury in giving them a verdict, to show absolutely as a matter of fact or law that there were easements and encumbrances other than the mortgages; in a third there was embodied the statement that if there was some doubt that there were easements or encumbrances and danger that the purchasers were likely to become involved in litigation to establish that the title was free from them should they accept it from the sellers, they were not required to take such title and could recover the deposit money; a fourth point set forth that plaintiffs having undertaken to convey free and clear

of encumbrances and easements, defendants were entitled to recover the deposit if there was a doubt as to whether the premises were so clear; and by still another that if a pipe from the adjoining property was attached to that to be conveyed, or if there were wires on the building, and that this raised a combined question of law and fact, as to whether plaintiffs' title was indubitable as respects easements and encumbrances which justified the refusal of the buyers to accept the premises, this would require the jury to find a verdict for defendants.

It may be doubted whether these points of defendants in any way aided the presentation of their cause to the jury, but certainly the trial judge's affirmation of them did not obscure in any way the simple issue he presented, namely, whether the title company refused to insure against the alleged easements. The jurors would have had to be strangely obtuse if these points and their affirmance confused the plain question they were called upon to answer. We are not convinced that the triers of fact were led astray from the real issue by the alleged red herring of the points.

Judgment affirmed.