## Cohen et al. v. Smith.

*Realty—Sale—Title—Encumbrance—Lien of decedent's debts—Recovery of hand-money.*

In an action to recover hand-money paid on account of an executory agreement to purchase real estate, judgment for want of a sufficient affidavit of defence will be entered where it is admitted that, on the day fixed for settlement, defendant could not convey a title clear of incumbrance, because less than a year had expired since the death of his father, from whom he had inherited the property, and that there had been no advertising or settlement of the estate so as to relieve the property from the lien of decedent's debts.

*Assumpsit* to recover hand-money paid on account of agreement to purchase realty. Motion for judgment for want of sufficient affidavit of defence. C. P. Centre Co., Sept. T., 1926, No. 153.

*N. B. Spangler* and *Ivan Walker*, for plaintiffs.

*J. K. Johnston*, for defendant.

FURST, P. J., May 5, 1927.—The matter before the court is a motion for judgment by the plaintiffs for want of a sufficient affidavit of defence.

The plaintiffs brought suit to recover the hand-money, amounting to $500, paid on an agreement for the sale of a piece of property in the Borough of Bellefonte, situate near the Bellefonte Spring.

The consideration named in the agreement was $6750. The agreement was dated April 16, 1926, and delivery of a good and sufficient deed, free and clear of all encumbrances, was to have been made on or before June 1, 1926. The defendant was the owner of the property by virtue of being the sole heir and legal representative of her father, S. D. Ray, who died Oct. 8, 1925, leaving no personal property, this and other real estate in Bellefonte, and also debts of a considerable amount, including a mortgage on this very property in question.

The pleadings show that the two plaintiffs, Cohen and Kalin, presented themselves at the office of the attorney for the defendant on June 1, 1926, and declared they were ready and willing and armed with the cash to carry out the terms of the agreement for the purchase of the property. The deed in proper form, properly executed, was tendered to them, but the plaintiffs returned the deed, averring that the property was not free and clear of encumbrances. June 1, 1926, was less than one year from the date of the death of S. D. Ray, and since no accounting and settlement of his estate had been accomplished with proper advertising and a discharge of the administrator secured, and since the attorney for the estate admitted unpaid debts, and with the Holz mortgage on this property on that date still unpaid and open on the record, it was undoubtedly true that this property was not free and clear of all encumbrances.

Whether or not arrangements could have been made to clear up all indebtedness of S. D. Ray, provide for the payment of the Holz mortgage and protect the purchasers (the plaintiffs) from the possibility of loss or damage by reason of any kind of encumbrances, and no matter what may have moved the plaintiffs to refuse to negotiate such possible arrangements, they had the right under the law, as the court sees it, to refuse to accept the deed and pay the balance of the consideration if the property was not free and clear of all encumbrances on June 1, 1926, when the deed was tendered.

This case is so clearly controlled by Ford *v.* Hedley, 62 Pa. Superior Ct. 380, that we think it needs no further discussion.

Cohen et al. *v.* Smith.

And now, to wit, May 5, 1927, after due consideration and for the reasons above set forth, the motion of plaintiffs for judgment for want of a sufficient affidavit of defence is hereby sustained and judgment is directed to be entered against the defendant, Harriet Ray Smith, and in favor of Walter Cohen and Max Kalin for the sum of $500, with interest from June 1, 1926, with costs.

From S. D. Gettig, Bellefonte, Pa.