Swartz, Administratrix, Appellant, *v.* Crum.

Argued March 15, 1933.

Before
Trexler, P. J., Keller, Cunningham, Baldrige, Stadt-
feld, Parker and James, JJ.

*John McI. Smith,* and with him *William J. Lescure,
Jr.,* and *William S. Middleton,* for appellant.

*George V. Hoover,* for appellee.

Opinion by Parker, J., July 14, 1933:

This is an action in assumpsit by a vendee to recover
hand money paid to the vendor on an agreement for
the purchase of real estate and comes to us on an
appeal from an order of the court of common pleas
of Dauphin County discharging a rule for judgment
for want of a sufficient affidavit of defense. After the
action was begun, the vendee died and his administra-
trix was substituted as plaintiff.

The averments of the statement of claim not denied and the allegations in the affidavit of defense must therefore be treated as verity for present purposes. With that principle in mind, we will state the facts so disclosed by the pleadings. Pursuant to public advertisement, the defendant, Sarah C. Crum, on February 20, 1930, offered at public sale a farm in Dauphin County. The auctioneer announced that the terms of sale were ten per cent of the purchase price when the property was "struck off," and the balance "upon the execution and delivery of a good and lawful deed on April 1, 1930, by the vendor to the purchaser, for the conveyance of said farm, free and clear of all liens and encumbrances, . . . . . . when possession shall be given." A number of bids having been made by Clarence F. Swartz and others, the real estate was "knocked down" to Swartz for the sum of $7,960, and the purchaser paid to the defendant ten per cent of the price, or $796. At the time of the sale, the heirs of Harry W. Crum owned an undivided three-fourths and Sara Fox, a single woman, an undivided one-fourth of the property. Harry W. Crum died intestate on May 30, 1928, leaving to survive him a widow, Sarah C. Crum, the defendant, and six sons, one of whom was a minor, so that at the date of the sale, Sarah C. Crum, defendant, was the owner of an undivided one-fourth of the premises and each of her sons an undivided one-twelfth. At the time of the sale Swartz knew that defendant was not the sole owner of the farm.

The premises when sold and thereafter were subject to a mortgage, two judgments, and taxes, aggregating in all about $2,500. On April 1, 1930, all of the owners joined in executing and tendering to Swartz a deed for the premises and were ready and willing, coincident with the payment of the balance of the purchase money, to pay and discharge the liens against the

premises, the sum of which was much less than the balance due. Pursuant to authority granted by the orphans' court of Dauphin County under the provisions of the "Revised Price Act", the guardian of the minor son of Harry W. Crum joined in the deed which was so tendered. The plaintiff refused to accept the deed claiming the right to rescind the contract.

We will confine our attention to the reasons assigned by the plaintiff as a basis for rescission as indicated by the statement of the questions involved. Plaintiff contends that the vendee was entitled to rescind because (1) the orphans' court proceeding was void and as a consequence no title was tendered for an undivided one-twelfth, and (2) the premises were subject to encumbrances.

It is argued by appellant that there is an inconsistency in the petition for the sale of the minor's interest in the land by reason of the fact that there had been a public sale of the premises, while the petition presented to the orphans' court was for a private sale, and that this constituted a fraud upon that court. We are unable to discover any merit in this contention. The appellant admits that a decree of the orphans' court authorizing a sale of real estate cannot be attacked collaterally if that court had jurisdiction: Gilmore v. Rodgers, 41 Pa. 120; Leedom v. Lombaert, 80 Pa. 381. A decree directing a sale is a conclusive adjudication of everything necessarily considered and determined in reaching the conclusion: Myers v. Crick, 271 Pa. 399, 402, 114 Atl. 255. The petition to the orphans' court was for a private sale and alleged that a better price could be obtained at private sale than at public sale. There is not any inconsistency between this averment and the fact that the premises as a whole had been previously offered at public sale. By the very terms of the "Revised Price Act", the fact that an interest is undivided may be a reason why a better

price can be obtained at private than at public sale: Act June 7, 1917, P. L. 388, Sec. 20 (a), 20 PS 1761. It was, in fact, a private sale which was authorized by the orphans' court. The interest of the minor could not be sold except by authority of that court, and when such authority was invoked it was for a private sale insofar as such minor's interest was concerned. The result of the plan followed was that the minor received the benefit of a public sale of the entire premises after advertisement and received the advantage of a private sale in that the other owners agreed to a sale for the price named. We are unable to find anything in the record to indicate that any fraud was perpetrated upon the orphans' court, for that court before the decree was entered was acquainted with all the facts now presented.

With relation to the remaining contention of the appellant, it will be noted that the present action is to recover hand money and is not for specific performance, and that the vendee never tendered payment of the balance due. There is not any allegation in the statement of claim that the encumbrances could not be removed or that the purchaser had changed his position between the date of the contract and the time for performance. The payment of the balance of the consideration and the delivery of a deed free from liens and encumbrances were "concurrent conditions." "It is true that a vendor cannot rescind a contract and at the same time directly or indirectly enforce it. If by his action he fails to keep its stipulations, a rescission as to him follows and he is liable to the purchaser for the resultant injury. His breach of the agreement is as effective to prevent him from enforcing any right under it as the default of the purchaser is to deprive him of the benefit of its stipulations. Neither party can enforce the agreement while he is in default. The vendee must tender the unpaid pur-

chase money, as a general thing, whether he wishes
to rescind or to enforce the agreement; this results
from the principle that a party himself in default,
has no right to insist on rescission while in default":
Sanders v. Brock, 230 Pa. 609, 615, 79 Atl. 772. In
the case of Irvin v. Bleakley, 67 Pa. 24, 28, the court
said: ''The vendee must tender the unpaid purchase
money, as a general thing, whether he wishes to rescind
or enforce the agreement ...... There were two other
judgments against the defendant and others, amount-
ing to some six or seven thousand dollars, which the
purchase money in the hands of the plaintiffs would
nearly three times over have satisfied. This was there-
fore no ground for a rescission; they had the means
in their own hands to pay the judgments if the de-
fendant did not satisfy them. He was not bound,
however, to remove them unless he was put upon doing
so by the demand of the plaintiffs of performance, and
at the same time showing a readiness and willingness
on their part to comply with their covenants. This
they did not do. Why should the defendant have re-
moved these liens in consideration of the plaintiffs,
without knowing whether they were going to complete
the contract on their part? While they did nothing
towards that end, their existence did not hurt them:
Hampton v. Speckenagle, 9 S. & R. 212.'' Also see
Boyd v. McCullough, 137 Pa. 7, 20 Atl. 630; Boyd v.
Hoffman, 241 Pa. 421, 88 Atl. 675; McClenachen v.
Malis, 310 Pa. 99, 106, 107, 164 Atl. 780.

The vendee Swartz having sued to recover hand
money and not having tendered the balance due from
him could not justify the rescission of the contract by
reason of the existence of the encumbrances which
were liens payable in money, the balance of the con-
sideration then due from the vendee being more than
the amount of the liens, and the vendor being ready

and willing at the time fixed for the consummation of the agreement to pay such liens from the consideration.

There is not any inconsistency between the principles which we have applied and those set forth in the cases cited by appellant: Huber v. Burke, 11 S. & R. 237; Gans v. Renshaw, 2 Pa. 34; Nicol v. Carr, 35 Pa. 381; Graybill v. Ruhl, 225 Pa. 417, 74 Atl. 239; Ritter v. Hill, 282 Pa. 115, 127 Atl. 455; Ford v. Hedley, 62 Pa. Superior Ct. 380. In none of these cases were the facts such as we find here. In some the encumbrances were much more than the balance of the purchase money due, and in others the encumbrances were not liens capable of satisfaction in money but were encumbrances which, on the facts presented, could not be removed as, for example, a city street laid out across the premises. In another case the title was doubtful by reason of the fact that it could not be determined without a suit whether the mortgagor in a mortgage which was a lien upon the premises had authority to execute the mortgage, and the vendee would have been exposed to litigation to maintain the title offered. The case principally relied upon by appellant is that of Ford v. Hedley, supra, decided by this court. The facts are not given in detail in the report of the case, but the lower court examined the paper books and stated that the mortgages existing at the time of the consummation of the sale were four times that of the balance due. This statement is not contradicted by appellant. Under such circumstances it is clear that the vendor could not discharge the lien from the balance of the purchase money due, and it was therefore his duty when the deed was tendered to tender a satisfaction of, or release of the lien of, such mortgages. Our Brother President Judge TREXLER very properly there said (p. 382): "Plaintiff was not required to take it subject to liens even if it was the intention of the vendor to remove the liens sub-

sequently." Here the vendor alleges that he was ready and willing at the time fixed for the performance of the contract to discharge the liens. There is nothing in that case inconsistent with the conclusions at which we have arrived.

The reasons assigned by appellant do not justify the entering of a summary judgment. By a rehearsal of the facts as disclosed by the pleadings we do not intend to express any opinion as to the merits of the controversy. If the facts presented at trial correspond with the respective contentions of the parties as now presented, there will be important questions of fact to be submitted to a jury.

The order of the lower court is affirmed.